Day, J.
 

 The paramount question involved in this ease is: What species of entity is the Citizens Loan & Savings Association of Greenville, Ohio?
 

 Concededly it is not a corporation, nor an individual, but by whatever name it be called it was organized for profit. • Was it a joint association or joint adventure, or voluntary association, or possibly a so-called “Massachusetts trust,” or business trust, with exclusive control of the property in the trustees or managers? The defendant in error contends that the Citizens Loan & Savings Association is a partnership.
 

 Over half a century ago this court determined, in
 
 Harvey
 
 v.
 
 Childs and Potter,
 
 28 Ohio St., 319, 22 Am. Rep., 387, that the following is a test of partnership: “Participation in the profits of a business, though cogent evidence of a partnership, is not necessarily decisive of the question. The evidence must show that the persons taking the profits, shared them as principals in a joint business, in which each has an express or implied authority to bind the other.” This case has been followed many times in this state and is cited with approval in many other jurisdictions. We are not, therefore, disposed to depart from that rule.
 

 In
 
 Southern Ohio Public Service Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 405, 154 N. E., 365, the rule of
 
 Harvey
 
 v.
 
 Childs and Potter, supra,
 
 was followed and approved; and it was held in that case that where certain individuals operate motorbusses along a state highway, who have, for the greater efficiency of the service as well as their common good, agreed upon a joint schedule, employed a common manager, shared certain expenses, and agreed upon a division of profits, they did not necessarily constitute a partnership unless the evidence also showed that
 
 *312
 
 such individuals so taking the profits shared them not only as principals in a joint business, but that each had an express or implied authority to bind the other as principal and agent. There being nothing in the record to show that the relation of principal and agent to each other existed among the bus operators, nor power to bind each other in the scope of the common business, it was held that they were not a partnership. The facts in that case are essentially different from those in the instant case.
 

 In this case the Citizens Loan & Savings Association has brought itself squarely within the law determined in the case of
 
 McFadden
 
 v.
 
 Leeka,
 
 48 Ohio St., 513, 28 N. E., 874. An examination of the first paragraph of the syllabus of that case shows the similarity between the organization therein involved and the one in the instant case: “An unincorporated association was formed under a specific name, for the purpose of erecting a building and carrying on the business of slaughtering hogs. The capital stock was fixed at $10,000 (afterwards increased), consisting of one thousand shares, of ten dollars each. All the original, but none of the increased stock, was subscribed or guaranteed, and the company was then organized with the adoption of a constitution and by-laws. The officers of the company consisted of five directors, a president, secretary and treasurer. The constitution made it the duty of the directors to have charge of the business of the company, to carry out the objects for which it was organized, and to see that the interests of the stockholders and company were protected; but, by one of the by-laws, the directors were forbidden to adopt plans of buildings, or make contracts, or create indebtedness, beyond the available capital of the company. By the constitution, each stockholder was to have one vote for each share of stock, and the shares were made transferable on the books of the company. The by-laws provided for the holding of
 
 *313
 
 regular meetings, and the calling of extra meetings of the stockholders. Held: That the association was a copartnership.”
 

 Our attention is called to the fact that in the
 
 McFadden case
 
 no reference is made to the case of
 
 Harvey
 
 v.
 
 Childs and Potter.
 
 This is not important, as an examination of the record in the
 
 McFadden case,
 
 also the briefs of eminent counsel presenting that case, as found in the files of this court, discloses the fact that both sides conceded that the organization in question was to be regarded in law as a partnership, and the controversy was largely as to the liability of the partners as among themselves, growing out of an unauthorized increased indebtedness and the attempt by the directors to compel contribution to pay such unauthorized indebtedness from the nonassenting members. The principles of
 
 Harvey
 
 v.
 
 Childs and Potter
 
 are recognized in the opinion, as noted hereafter. The syllabus, as above quoted, states the law as to the character of such an association, and we are bound thereby.
 

 Under the articles of association of the Citizens Loan & Savings Association of Greenville, the subscribers thereto agreed to unite for the purpose of contributing money to a common fund, to be loaned and invested for profit, in discounting or buying promissory notes, bonds, or other negotiable securities.
 

 By Article VI the board of managers, comprised of seven members, was given power to carry on the business of the Citizens Loan
 
 &
 
 Savings Association, permitting it to manage, control, and conduct the affairs of the association, but subject to the power of removal for misconduct, etc., and further subject to the amendment of the articles of association by the members at a regular or special meeting called for that purpose, which amendments might strip the managers of all authority whatsoever.
 

 True, it was a broad power, delegated by the mem
 
 *314
 
 bers who associated themselves together for the purpose indicated, authorizing the managers to act as their agents in the premises. The members shared the losses and also participated in the profits, if any. Thereby, within the scope of the purposes of the association, the members, by delegating this power to their board of managers, created a relationship which complies with the requisite elements necessary to make up a partnership, under the decisions of this court and within the scope of the objects and purposes of the association.
 

 As to whether or not this is a joint adventure, we are not disposed to so regard it. The principal difference between a partnership and a joint adventure is that the former is generally used to characterize a general continuing joint adventure, while the latter designates a single joint venture, consisting of one transaction. The purposes in the instant case were so continuing as to indicate a partnership rather than a joint adventure.
 

 The so-called “Massachusetts trust” is a form of business organization consisting of an arrangement whereby property is conveyed to trustees in accordance with an instrument of trust, to be held and managed for the benefit of such persons as may.from time to time be holders of transferable certificates entitling holders to share ratably in income of the property, and, on termination of the trust, in the proceeds.
 
 Hecht et al., Trustees,
 
 v.
 
 Malley,
 
 265 U. S., 144, 44 S. Ct., 462, 68 L. Ed., 949.
 

 If the trustees of such a trust are free from the control of the certificate holders, a trust is created; but if they are to be subject to the control of the stockholders or shareholders, or substantially so, as if such trustees are but managing agents, the arrangement constitutes a partnership, regardless of whether the stockholders actually exercised the authority vested in them by. the agreement,
 

 
 *315
 
 In this case the certificate holders, or shareholders, or depositors, or members, by whatever name called, are principals, and the board of trustees, or managers, are their mere managing agents. The ultimate power of control is given to the certificate holders in the articles of association.
 

 By Article XV the articles of association may be amended at any regular meeting of the members or a special meeting called for such purpose.
 

 By Article XVII any officer of the association may be removed from office for any gross misconduct or any neglect of duty in office, by the majority vote of the members, at any regular meeting or at a special meeting held for such purpose, etc.
 

 Thus it was within the power of the shareholders, or depositors, or members, to so amend the articles of association that the trust should terminate forthwith and the managers be powerless and the trust come to an end. It is evident that the power of control of the management is ultimately in the certificate holders, or depositors, or members, and may at any time be exercised by them, notwithstanding any opposition the trustees or managers might offer. The creative instrument so binds together the shareholders, or depositors, or members, that the ultimate control is in their hands.
 

 In speaking of “Massachusetts trusts” the editors of American Law Reports, in volume 7, at page 613, have placed this editorial note: “It seems to be almost universally conceded, at least in the absence of prohibitory or controlling statute, that business trusts of the character known as ‘Massachusetts trusts,’ and which in the great majority of the cases are
 
 in fact nothing more than common-law partnerships,
 
 or joint stock companies or associations formed or organized in the nature of a trust, with the capital dividend [divided] into certificates or shares and usually represented by stock, to carry on a business for profit and
 
 *316
 
 in the interest and for the benefit of the certificate or share holders, — are, generally speaking, legal and valid. ’ ’
 

 However, the exact nature of this organization has been determined, so far as Ohio is concerned, by
 
 McFadden
 
 v.
 
 Leeka, supra.
 
 In the language of Diekman, J., at page 526: “The unincorporated association known as'The Union Pork-house Company, is to be regarded as merely a copartnership, and subject to the rules governing that branch of the law. It did not lose its real nature as a partnership because certain of its members were constituted directors, and its members were called stockholders, and a constitution and by-laws were adopted, and the number of its members was large. It might be deemed expedient to appoint directors to act as the special agents for managing the affairs of the company, instead of leaving each member, as in an ordinary partnership, to act as a general agent for the transaction of business in the ordinary way. The company, too, might be a partnership, although its capital stock be divided into shares, which, by the articles of association, are made transferable on the books of the company. The constitution and by-laws adopted by the shareholders are analogous to articles of copartnership, and are of equal binding force in fixing the relations of the shareholders to each other, and in shaping and governing the business of the company.”
 

 Upon the authority of
 
 McFadden
 
 v.
 
 Leeka, supra,
 
 we find that the Citizens Loan & Savings Association of Greenville, Ohio, was a partnership, and that the principles of the
 
 McFadden case
 
 control the instant case, and that such case is not in conflict with the principles declared in
 
 Harvey
 
 v.
 
 Childs and Potter, supra,
 
 and
 
 Southern Ohio Public Service Co.
 
 v.
 
 Public Utilities Commission, supra.
 
 The plaintiff, under Section 11260, General Code, is entitled to maintain this
 
 *317
 
 action. Compliance with Section 8104, General Code, may be had after the commencement of the action.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.