Zimmerman, J.,
dissenting. The writer regrets that he cannot agree with his associates in reversing the unanimous judgment of the Court of Appeals herein. Neither the interpretation of the facts as contained in the majority opinion nor the legal conclusions there reached are in accord with the writer’s views.
In reaching a decision in the present case, the influence and implications of Brown, a Minor, v. Kennedy et al., Minors, 141 Ohio St., 457, 48 N. E. (2d), 857, cannot be escaped. The law of that case, as set out in the syllabus, is as follows:
“Where an insurance policy covers one who uses the specified automobile with the permission of the named insured, the insurance company is not relieved of liability by reason of the fact that while permittee was using the automobile it was being driven by another at the time of an accident.”
Here, the ultimate question for determination is whether under the facts developed, McNamara is an additional assured within the terms of the liability insurance policy in issue. The writer thinks he is.
The majority opinion denotes Mrs. Robinson as the second permittee and McNamar as the third permittee. In the policy before us, the “H. F. Hammon Development Company” is the “named assured.” From the bill of exceptions it would seem quite certain that Wallace A. Robinson and his brother, Horace Robinson, were the owners and managers of the company. During the oral argument of this case, both counsel *199 for plaintiff and counsel for the defendant insurer referred to the company as a “Massachusetts trust,” and from the facts disclosed it may reasonably be deduced that the H. F. Hammon Development Company was in reality a copartnership composed of the brothers Robinson, with the partnership property vested in them as trustees. See Averill v. Lincoln, 52 Cal. App. (2d), 398, 126 P. (2d), 398. Compare Goubeaux, Recr., v. Krichenberger, Exrx., 126 Ohio St., 302, 185 N. E., 201. It would logically follow that Wallace A. Robinson should be regarded as a primary assured under the policy and that his permission as to the use of an H. F. Hammon Development Company automobile in his possession and under his control should be treated as that of the company. Consequently, when Wallace A. Robinson left the automobile with Mrs. Robinson, his wife, in Cleveland, for her general and unrestricted use during his absence in New York, she became the initial or original permittee.
Quoted in the majority opinion are certain rules found in 160 A. L. R., 1206. Paragraph four of those rules is as follows:
‘ ‘ The initial permission given by the named assured to the original permittee includes, according to the better view, the use of the automobile by the second permittee where in doing so the second permittee serves some purpose, benefit, or advantage of the first permittee. This is the case if the original permittee is riding in the car * * * [Brown, a Minor, v. Kennedy et al., Minors, supra (141 Ohio St., 457, 48 N. E. [2d], 857)] or if the car is driven in his interest or for a purpose mutual to him and the second permittee * * *. ”
The latter part of the quoted paragraph applies specifically to the instant case and, in view of the interpretation of the term, “use,” by this court in Brown, a Minor, v. Kennedy et al., Minors, supra, should be adopted here. Liability of the insurer is based on the *200 premise that the initial and unrestricted permission given by the named assured to the original permittee (Mrs. Robinson) to use the automobile included by implication the authority to delegate the use and operation of the automobile to an agent (McNamara) in the interest of and for the benefit of the original permittee. In such circumstances, the use of the vehicle by the second permittee was that of the original permittee.
Robinson left the automobile with his wife for her general use while he proceeded to a distant city for a stay of some duration. Mrs. Robinson was more than an ordinary bailee, for she was invested with authority over the use and operation of the automobile during her husband’s absence. Actually, she stood in the place of the named assured and, within the coverage of the policy, could permit its use by another in the performance of an errand for her.
From a reading of the bill'of exceptions the writer cannot escape the conclusion that McNamara was on a mission for Mrs. Robinson at the time he injured West and was then complying with her expressed wishes. If this were not so, the insurer might have supplied evidence to the contrary. That McNamara was several miles distant from the European .Gardens when the accident occurred is of no particular significance. One witness testified, and this was the only testimony on the point, as follows:
“Q. What is the nearest place where you could get cigarettes? A. There is a confectionery right on the corner, but I believe that was closed at that time.
“Q. A confectionery? A. That’s right.
“Q. On the corner where? A. Of Wallings road.
‘‘Q. And that is how far from the European Gardens? A. About 10 miles.
“Q. That is the nearest place you could go to buy cigarettes ?
*201 ( i * * *
“Q. Where is the next place? .A. The next place would probably be in town here, 1 don’t recall any other place on the way.
“Q. By 'in town’ what do you mean? A. Coming in to Cleveland.
“Q. Towards Cleveland? A. Towards Cleveland.”
There is a marked distinction between the bailment of a motor vehicle for general use and a bailment for a particular purpose. One necessarily implies the right of the general bailee to have the general use of the vehicle as though it were his own; the other restricts the use by the bailee to a special use within and at a designated time and place. See Gulla v. Reynolds, 151 Ohio St., 147, 85 N. E. (2d), 116. In Brown, a Minor, v. Kennedy et al., Minors, supra, where the liability of the insurer was established, the holding was that it was not necessary for the original permittee to operate the automobile herself; it was enough that, in permitting another to drive it, she was using the car with permission. The fact that Mrs. Robinson was not riding in the car at the time of West’s injuries is not controlling as the car was being used and operated at her direction and in her service. And again the point is stressed that Mrs. Robinson had been granted the general use of the automobile without restriction.
Attention is directed to the following cases, additional to those cited in 160 A. L. R., 1195 et seq., which it is submitted support either directly or in principle the conclusions herein expressed. United Services Automobile Assn. v. Preferred Acc. Ins. Co. of New York (C. C. A. 10) 190 F. (2d), 404; Norris v. Pacific Indemnity Co., 39 Cal. (2d), 420, 425, 247 P. (2d), 1, 4; Persellin v. State Automobile Ins. Assn., 75 N. D., 716, 32 N. W. (2d), 644; Robinson v. Fidelity & Casualty Co. of New York, 190 Va., 368, 57 S. E. (2d), 93. See, also, 5 American Jurisprudence, Cum. Supp., 165, Section *202 535.1. Compare annotation, 5 A. L. R. (2d), 600 et seq.
It seems to the .writer that the majority opinion places too much stress on the intoxication of Mrs. Robinson and McNamara. So far as the bill of exceptions discloses, they were drinking nothing stronger than beer with an alcoholic content of 3.2 per cent. Moreover, when McNamara was brought into court as a result of the incident in which West was injured, he was found guilty of “reckless driving” and not of “drunken driving.”
If the writer were composing a syllabus for the instant case, it would read like this:
1. The coverages of automobile liability insurance policies are to be liberally interpreted to effect a purpose of the issuance of such policies, namely, to provide indemnity as to those who may suffer bodily injury, death or property damage by the negligent operation of motor vehicles.
2. Where one who comes within the term, “named assured, ’ ’ as employed in an automobile liability insurance policy, surrenders the automobile designated in such policy to his wife for her general and unrestricted use, and thereafter the wife directs her nepheAv to drive such automobile on a mission for her, and the nephew while driving the automobile on such mission negligently injures another, the nephew is within the protection of the policy which extends coverage to one who is actually using the specified automobile “with the permission of the named assured. ’ ’ In the circumstances described, the actual use of the automobile is that of the assured’s wife through the agency of her nepheAAg and authority from the “named assured” for such kind of use may be implied.
In the writer’s opinion, the judgment of the Court of Appeals should be affirmed.