SOUTHWEST JACKSON TOWNSHIP CIVIC
ASSOCIATION, APPELLANT, *v.*
MAYNARD, DIRECTOR, ET AL.,
APPELLEES.

(No. 84AP-778—Decided
May 2, 1985.)

*Donald Lynn Billman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan Flannery,* for appellee Robert H. Maynard, Director, Ohio Environmental Protection Agency.

*John S. Zonak,* for appellee Board of Commissioners of Franklin County.

NORRIS, J. In our prior opinion in this cause, *Rings* v. *Nichols* (1983), 13 Ohio App. 3d 257, 260-261, we noted the requirement of Ohio Adm. Code 3745-27-01(O), that the operator of the new county solid waste disposal facility be responsible for the direct control of operations at the facility. We then concluded that the evidence before the Environmental Board of Review did not support a finding that the Board of Commissioners of Franklin County, or their employees, would directly control the daily operations of the landfill, but, instead, that while the commissioners would be ultimately responsible for the operation they would hire an unidentified company to oversee the direct operation of the landfill. Accordingly, we concluded that, since the evidence did not support a finding that the board of commissioners was to be the operator, and the actual operator was unidentified, there had been a failure to comply with the requirement that the Director of the Ohio Environmental Protection Agency determine that the operator be competent and qualified. We remanded to the Environmental Board of Review.

Our decision did not preclude the commissioners from engaging outside persons or entities to assist them with the operation of the landfill as a condition of the board of commissioner's qualifying as the operator of the facility. What is required is that the commissioners, or their employees, be in actual daily operational control, and operational control may include the use of outside contractors to provide equipment and personnel, so long as the contractors remain under the direct operational

control of the commissioners and their employees. In that way, direct responsibility and accountability will be preserved and the Environmental Protection Agency and health officials will be in a position to effectively supervise compliance with their requirements by dealing with the commissioners.

In other words, the commissioners may contract with agents who are under their direct operational control, as opposed to independent contractors who are not, but, instead, exercise their own operational control in delivering an end result.

Our standard of review in an appeal from the Ohio Environmental Board of Review is to determine whether the board's order is supported by reliable, probative, and substantial evidence and is in accordance with law.

As the result of hearings upon remand, the Environmental Board of Review developed new findings of fact in which evidence was noted which supports a conclusion that the board of commissioners will be the operator of the facility and that it will be in complete daily control of the landfill.

For example, there was evidence that the commissioners will employ a landfill operator within the county's Department of Sanitary Engineering, who will be directly responsible to the commissioners and whose job description includes daily supervision and management of the landfill. There was also evidence that the commissioners adopted a resolution accepting direct responsibility for complying with operational requirements of regulatory agencies. In addition, there was testimony that the commissioners operate their present landfill through supervisory employees of the Department of Sanitary Engineering and a "subcontractor," both of whom were "directly responsible to the Board of County Commissioners." Witnesses from the Ohio Environmental Protection Agency testified that the commissioners had established their competence by operating their present landfill in a salutary manner. Further testimony established that county employees were present at the landfill daily and exercised direct control, as would be the case with the new facility.

In view of the record before us, we conclude that the board's order, that the operator of the new facility is the Board of Commissioners of Franklin County and that the commissioners are competent and qualified to operate the facility, is supported by reliable, probative, and substantial evidence and is in accordance with law.

Although we understand appellant's concern that the commissioners might eventually hire an independent contractor, that concern is presently irrelevant to this appeal since, should the board of commissioners, as operator, do so, it would be in violation of the board's order.

Accordingly, the assignments of error are overruled, and the order of the Environmental Board of Review is affirmed.

*Order affirmed.*

WHITESIDE and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.