## McCandlish Brothers, Inc. v. Reichley
*[Cite as 7 AOA 158]*

*Case No. CA-384*
*Perry County, (5th)*
*Decided October 30, 1990*

*Randy L. Happeney, Dagger, Johnston, Miller, Ogilvie and Hampson, 144 East Main Street, P.O. Box 667, Lancaster, Ohio 43130-0667, for Plaintiff-Appellant.*

*Mel G. Underwood, 100 1/2 South Main Street, P.O. Box 271, New Lexington, Ohio 43764, for Defendant-Appellee.*

GWIN, J.

This is an appeal from a judgment entered in the Court of Common Pleas, Perry County, wherein the court found that defendant-appellee, Harold Reichley (appellee), was not liable to plaintiff-appellant, McCandlish Brothers, Inc., dba McCandlish Brothers Trucking (appellant), for services performed by appellant. Appellant seeks our review and assigns the following as error:

"ASSIGNMENT OF ERROR NO. I.
"THE DECISION OF THE TRIAL COURT IN THIS MATTER, FINDING IN FAVOR OF DEFENDANT, HAROLD REICHLEY, AND AGAINST PLAINTIFF, McCANDLISH BROTHERS TRUCKING, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW. DE-

FENDANT REICHLEY AND MR. RALPH PRITCHARD WERE JOINT VENTURERS AS A MATTER OF LAW AND DEFENDANT REICHLEY WAS, THEREFORE, JOINTLY LIABLE TO PLAINTIFF ON THE STIPULATED ACCOUNT FOR SERVICES RENDERED.

"ASSIGNMENT OF ERROR NO. II. DEFENDANT, HAROLD REICHLEY, AS THE LICENSE HOLDER FOR THE PERRY COUNTY LANDFILL, IS LIABLE TO PLAINTIFF ON ITS ACCOUNT, AS A MATTER OF LAW."

Appellee was owner of certain real estate upon which the Perry County Landfill was located. Appellee also held a solid waste disposal license for the Perry County Landfill issued by the Board of Health in compliance with O.A.C. 3745-37-01. As licensee, appellee was required to comply with the State laws, rules and regulations concerning the operation of the landfill.

In the early 1970's, appellee and Ralph Pritchard orally agreed that appellee would remain owner/licensee of the Perry County Landfill while Pritchard would run the day to day business and provide the necessary equipment to maintain the landfill. 25% of the gross monthly profits were to be paid to appellee while Pritchard, who retained 75% of the gross receipts, was to pay all expenses associated with the landfill operation except for the license fee. Originally, appellee paid the entire annual fee of $25.00 for the landfill operation license but later, after the fee was increased to $1,300 annually, required Pritchard to pay 3/4 of the fee. Appellee characterized the above relationship as landlord/tenant.

In 1983, the Perry County Landfill was notified of its noncompliance with State laws and regulations regarding solid waste disposal. As a result, Pritchard hired appellant, an Ohio corporation engaged in the business of providing bulldozer services, to cover exposed trash at the landfill so to conform with the solid waste disposal laws and regulations. Appellant began work at the landfill in January 1984 and continued there until June 1984. Although appellant received $1,000 for such services, the parties stipulated that the amount due and owing appellant was $24,066, exclusive of any interest.

On August 17, 1984, appellant filed a complaint against appellee seeking payment for the services rendered. Following a trial before the trial court, the court found that appellee neither participated in the operation of the landfill nor was he directly or indirectly involved in the contract between appellant and Pritchard. The court concluded that there was no evidence of a joint venture, partnership or principal/agency relationship between Pritchard and appellee and entered a verdict for appellee.

I.

By their first assignment, appellant claims that the trial court's finding that there was no evidence of a joint venture between Pritchard and appellee was against the manifest weight of the evidence and contrary to law.[1]

We begin by exploring the concept of a business or commercial joint venture. A joint venture differs from a partnership in that the former involves a single business venture, whereas the latter involves a continuing business relationship. *Goubeaux v. Krickenberger* (1933), 126 O.S. 302, 314. Comment (c) in the restatement of torts (Second) Sec. 491 (1965), provided:

"The elements which are essential to a joint enterprise are commonly stated to be four:

"(1) An agreement, expressed or implied, among the members' of the group;

"(2) A common purpose to be carried out by the group;

"(3) A community of pecuniary interest in that purpose, among the members; and

"(4) An equal right to a voice in the direction of the enterprise which gives an equal right of control. Whether these elements exist is frequently a question for the jury, under proper direction from the court."

The above test has been essentially adopted in Ohio. See *Silver Oil Co. v. Limbach* (1989), 44 Ohio St.3d 120, 122-123; *Ford v. McCue* (1955), 163 Ohio St. 498 paragraph one of the syllabus; *Al Johnson Constr. Co. v. Kosydar* (1975), 42 Ohio St.2d 29, paragraph one of the Syllabus; *Bennett v. Sinclair Refining Co.* (1944), 144 Ohio St. 139. If a joint venture exists, "... each co-adventurer shall stand in the relation of principal, as well as agent as to each of the other co-adventurers." *Ford, supra.*

Because this case was tried before the court, the trial court is vested with the power to weigh the credibility of the witnesses, and we, as a reviewing court, are not afforded such a luxury.

However, applying the above joint venture concept to the instant case, we find the undis-

puted evidence established that Pritchard and appellee were involved in a joint venture landfill business and, therefore, appellee was liable to appellant for the services appellant performed.

Here, it was undisputed that appellee and Pritchard entered into an agreement. The agreement involved the Perry County Landfill and it was agreed that appellee would be owner/licensee, while Pritchard would run the day to day business. Appellee contributed the land and license and Pritchard contributed his efforts. Pritchard and appellee further agreed to share the business profits. Thus, both had a pecuniary interest in the landfill operation. Losses were not agreed upon, nevertheless as losses occurred appellee's profits (or "rent") would decline as would Pritchard's.

The final element of a joint venture involves the control between the members. It is not necessary that members of a joint venture exercise equal or the same control over the business. *Kahle v. Turner* (1978), 66 Ohio App.2d 49, 53. Here, it was undisputed that Pritchard's control involved the day to day operation of the landfill. Appellee claimed that he exercised no control over the business.

However, we find as a matter of law that appellee was in direct control of the landfill business. O.A.C. §3745-37-07 provides that:

"No person shall *operate* a solid waste disposal facility unless he holds a valid and unexpired solid disposal license for such facility ...." (Emphasis added).

O.A.C. 3745-27-01 defines operator as:

"... person responsible for the direct control of operations at a solid waste disposal facility."

Therefore, contrary to appellees claim that he exercised no control over the landfill business, the laws governing solid waste disposal require that only a license holder may operate a landfill, and he is responsible for the direct control of the landfill.

Accordingly, Pritchard and appellee were joint venturers in the landfill business and appellee, as a co-adventurer, is liable to appellant for the services rendered. The trial court erred in finding no evidence of a joint venture, and we hereby sustain the first assignment of error.

### II.

By this assignment, appellant claims that appellee, as license holder for the Perry County Landfill, is liable to appellant as a matter of law. We disagree.

To support their claim, appellant directs us to O.A.C. §§3745-27-01(O) and 3745-37-01, *supra.*

It is appellant's position that because appellee held the solid waste disposal license for the landfill he was in fact the "operator" and was responsible for the direct control of operations at the landfill facility and was therefore liable to appellant for the services rendered as a matter of law.

It is true that appellee, as license holder was directly responsible for the solid waste disposal facility and may loose that license, be fined, or have the facility shut down for noncompliance with the State laws and regulations relating to solid waste disposal. However, we are unwilling to hold that these code sections alone make appellee *per se* liable for a contract entered into between Pritchard and appellant. Accordingly, we overrule this second assignment.

For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio is hereby reversed, and judgment is entered against appellee and in favor of appellant for the amount of the stipulated damages, $24,066.00 plus the applicable interest.

HOFFMAN, J., concurs.

MILLIGAN, P.J., concurs in judgment only.

I concur in the judgment reversing the trial court, but reach this conclusion on different grounds.

### I.

This court may not reverse a judgment as being against the manifest weight of the evidence if the judgment is supported by some competent, credible evidence. *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.

There was competent, credible evidence before the court to support a finding that Pritchard merely rented the property. Pritchard testified that he paid Reichly 25% of gross *receipts;* all expenses of the operation were paid out of the 75% of receipts retained by Pritchard. Reichly was therefore paid for use of the land whether or not Pritchard's expenses exceeded his income. Both men testified that the checks for 25% of the receipts were designated as rent.

The fact that a statute makes a party holding a license ultimately responsible for the actions of one operating under that license does

not convert the relationship from employer/independent contractor to employer/employee. *Behner v. Industrial Commission* (1951), 154 Ohio St.433. Likewise, the fact that Reichly, as license holder, is the operator of the landfill by law does not convert the relationship between him and Pritchard to that of a joint venture.

I would overrule the first assignment of error.

## II.

As the holder of the license for the landfill, Reichly was the operator under O.A.C. 3745-37-07 and 3745-27-01(O). The operator is mandated to operate thee facility in accordance with all regulations and in such a manner that the landfill does not create a health hazard. O.A.C. 3745-27-08(I). A party will not qualify as an operator if it employs an independent contractor to exercise control over the facility; an agent running the day-to-day business of the landfill must be under the direct operational control of the operator. *Southwest Jackson Twp. Civic Association v. Maynard* (1985), 24 Ohio App.3d 133.

By holding the license for the landfill in his name, Reichly assumed direct responsibility as a matter of law for the operation of the landfill. Appellants were hired to bring the landfill into conformity with the applicable regulations; Reichly is responsible as a matter of law for this duty and cannot shield himself from liability for this work.

The traditional defense of independent contractor shield, (see *Railroad Co. v. Morey* (1890), 47 Ohio St. 207, 24 N.E. 269), is not available where the party is obliged by a statutorily fixed duty. Compare *Strayer v. Lindeman* (1981), 68 Ohio St.2d 32, 427 N.E.2d 781, where the court held that a landlord could not insulate himself from liability arising out of negligent repairs of property.

The liability of Reichly arises by virtue of his status under the license as operator, not from any joint enterprise.

I would sustain the second assignment of error, and reverse the judgment accordingly.