426

Security Mutual Casualty Co., Appellee, *v.* Hoff et al., Appellees; United Ohio Insurance Company, Appellant.

(No. 77-28—Decided June 28, 1978.)

*Mr. William T. McCracken,* for appellee Security Mutual Casualty Co.

*Messrs. Sebastian & Marsh, Mr. Eugene P. Weiss* and *Mr. Rick E. Marsh,* for appellee Joan K. Hoff.

*Mr. James W. Wiles,* for appellee Aetna Casualty & Surety Co.

*Cubbon & Goldberg Co., L. P. A.,* and *Mr. David R. Goldberg,* for appellee Howard Bateman.

*Mr. James L. Graham,* for appellant.

*Per Curiam.* The only issue before this court may be stated thus: Does the insurance policy of United Ohio afford primary liability coverage to Joan K. Hoff under the facts and circumstances of this case and the applicable law?

The answer to this controlling question in the case turns upon whether Mrs. Binau, the insured and owner of the automobile, was made aware prior to the accident that Kathy was driving the car on some occasions, and being aware of that, did Mrs. Binau instruct Kathy that she was not to drive the car, or did Mrs. Binau admonish her son Daniel J. Binau that his girl friend, Kathy, was not to drive the car and remind him that he had been told by his father that no one other than himself was to drive the car.

It is undisputed that Kathy drove the car on different occasions with Daniel's permission.

The trial court held: "The owner of the vehicle had never specifically denied the use of the vehicle to Miss Hoff and there was evidence that Mrs. Binau had constructive notice that Joan Katherine Hoff had used the vehicle on prior occasions."

The trial court further held:

"Joan Katherine Hoff was operating the motor vehicle with the express permission of Daniel Binau. Daniel

Binau, from the evidence, was for all practical purposes the constructive owner of the motor vehicle as he paid for its maintenance, gas, oil and insurance. Daniel had full use of the vehicle while a student at Ohio State University.''

The Court of Appeals, in its opinion, summarized the case as follows:

"Daniel Binau, clearly not a named insured but conceded by all to have actual permission to use the motor vehicle which belonged to his mother Dorothy Binau, gave permission to the driver Joan K. Hoff to operate the vehicle at the time of the accident. * * * The driver Joan K. Hoff testified, after some previous equivocation, that on an occasion previous to the accident, Mrs. Binau knew that Joan was operating the same motor vehicle when picking [up] Daniel Binau at the swimming pool where he worked in Upper Sandusky * * *. No one testified that Joan K. Hoff had ever been told that she was not to operate the automobile.

"Thus we have an automobile which, to all intents and purposes to the outside world, was in complete control of Daniel Binau to use as he saw fit. However, the evidence is also clear that Daniel had received instructions from his father not to permit anyone else to operate the motor vehicle, and that Dan disobeyed those instructions. The evidence also supports the trial court's finding that the other named insured, Dorothy Binau [owner of the vehicle], knew of the disobedience of the instructions and failed to admonish Dan or the driver to whom he gave permission, who was also the driver at the time of the accident. * * *

"The general rule is as follows: 'The original permittee (Dan Binau) who has been given permission to use the automobile but has been expressly forbidden to delegate this authority cannot do so, and the use of the [car by the] second permittee (Joan K. Hoff) in violation of the assured's express order is not within the protection of the policy.' West v. McNamara (1953), 159 Ohio St. 187 (at 193, words in parenthesis added).

"The trial court, however, must consider whether the general rule is affected by the two additional factors of this case. The first such factor is that the named insured, Dorothy Binau, was found by the trier of the fact to have been aware that second permittee had used the vehicle on a prior occasion and had remained silent. What then is the effect of an express denial to the first permittee to let a second permittee operate the automobile followed thereafter by knowledge that the instruction was being violated without any follow-up admonition. Does silence constitute an implied revocation of the previous express prohibition and constitute permission by the named insured to the second permittee to operate the motor vehicle in the future?

"Absent an express prohibition against the first permittee extending permission to use the car by the second permittee, Ohio law is amply summarized as follows: 'Ohio then fits in with the general principle that whether the named insured authorized the permittee to allow others to use the vehicle is to be measured in a realistic way, in which, once established, implied permission has exactly the same significant force as one expressly made with more elaborate formality.' *United Services Automobile Ass'n. v. Russom* (1957), 241 F. 2d 296. The burden of proof is on the person injured to establish that the individual operating the automobile comes within the protective provisions of the policy. * * *

"In this particular case we start out with an express prohibition against delegation. Had that been the only fact adduced, it is clear that there could be no implied authority to delegate. See Couch on Insurance 2d, Section 45:409, Vol. 12, page 406. However, a refusal of permission to delegate may be revoked. It is a question of fact for the trier of the fact whether the express prohibition has been revoked and implied permission to the second permittee given when, after a previous express prohibition against another driving, the named insured thereafter remained silent, knowing that the second permittee was operating the automobile with the permission of the first

permittee. See Couch on Insurance 2d, Section 45:365, Vol. 12, page 369; * * * 4 A. L. R. 3d 10 (at 65).

"Thus, in the case at hand, the trier of the fact properly considered whether the previous express prohibition against delegation of authority to a second permittee to use the automobile was revoked and delegation impliedly consented to by the actions of the named insured, Dorothy Binau."

The pertinent provision of United Ohio's policy provides:

"Persons Insured: Under the Liability and Medical Expense Coverages, the following are insureds:

"(a) with respect to an owned automobile.

"* * *

"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and * * *."

The appellant concedes the exception to the rule, but argues that there is no probative evidence to support the finding of both the trier of the facts and the Court of Appeals that prior to the accident Mrs. Binau became aware that Kathy was driving the car contrary to Mr. Binau's instructions to Dan.

This court, after a review of the record, agrees with the trier of the facts and the Court of Appeals on this evidentiary question.

Joan K. Hoff is entitled to liability insurance coverage according to the terms of the policies from Aetna, Security Mutual and United Ohio. United Ohio, however, is the primary carrier and Security Mutual and Aetna are excess carriers.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., concurs in the judgment.