JACKMAN ET AL., APPELLANTS, *v.* CINCINNATI INSURANCE COMPANY, APPELLEE.

(No. C-860637—Decided November 18, 1987.)

*Richard C. Curry* and *Charles H. Bartlett, Jr.,* for appellants.

*G. Gregory Lewis,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiffs-appellants, Terrence and Susan Jackman ("Jackmans"), have taken the instant appeal from the trial court's entry of summary judgment in favor of defendant-appellee, the Cincinnati Insurance Company ("Cincinnati Insurance"). On appeal, the Jackmans assail the entry of summary judgment for Cincinnati Insurance when an issue of fact remains as to whether Cincinnati Insurance's liability under a policy of auto insurance extends to use of a covered motor vehicle by defendant Kenneth Clark ("Clark"), when Clark's use of the vehicle was with the consent of and for the benefit of a permittee of the named insureds under the policy.

On May 25, 1981, defendant Robert Meyers ("Meyers") authorized his sixteen-year-old son, Michael Meyers ("Michael"), to use an automobile titled in Meyers' name to transport several of Michael's friends to a party. Meyers frequently permitted Michael to use the vehicle but, on numerous occasions, had admonished him to permit no one else to drive it. While at the party, Michael was approached by Clark who asked if he might borrow the car to take a friend home. Despite his father's admonitions, Michael consented to Clark's use of the car. Clark, in the process of transporting his companion home, collided with the rear of a vehicle occupied by the Jackmans.

In December 1982, the Jackmans instituted an action against Clark and Meyers, charging Clark with reckless

and negligent operation of Meyers' vehicle and Meyers with negligent entrustment of the vehicle to Clark and seeking recovery for personal injuries, damage to their vehicle and loss of spousal consortium. Meyers subsequently moved for summary judgment in his favor. Accompanying the motion were the affidavits of Meyers and Michael. Meyers averred in his affidavit that he had, on numerous occasions, instructed Michael to permit no one else to operate his vehicle, that he had never given Clark permission to operate the vehicle, and that he had no prior knowledge of Clark's operation of the vehicle. Michael, in his affidavit, corroborated his father's admonition against use of the vehicle by another and averred that he had allowed Clark to operate the vehicle against his father's instructions, without his father's permission, and without previously informing his father of Clark's use.

In July 1983, the Jackmans amended their complaint to charge Meyers with negligent entrustment of the vehicle to Michael who, in turn, negligently entrusted the vehicle to Clark. Meyers again moved for summary judgment with supporting affidavits in which Meyers and Michael reasserted their previous averments and Meyers additionally asserted his belief in Michael's competence as a driver. On July 20, 1984, the trial court entered summary judgment in favor of Meyers.

The Jackmans' remaining claim against Clark was set for trial on October 3, 1984. When Clark failed to appear at trial, the court entered judgment against Clark in favor of the Jackmans and assessed total damages in excess of $30,000.

To collect on their judgment against Clark, the Jackmans subsequently instituted supplemental proceedings against Cincinnati Insurance, the carrier of a policy of auto insurance in which Meyers and his wife, Dorothy, were the named insureds. Cincinnati Insurance responded with a motion for summary judgment. The motion was supported by a copy of the policy, the affidavits of Meyers and Michael which were filed in support of Meyers' motion for summary judgment, and the affidavit of Dorothy Meyers in which she substantially corroborated the averments of Meyers and Michael. On August 13, 1986, the trial court entered summary judgment in favor of Cincinnati Insurance.

On appeal from that judgment, the Jackmans advance a single assignment of error in which they contest the court's entry of summary judgment for Cincinnati Insurance when a factual issue remains as to whether coverage under the policy issued by Cincinnati Insurance extends to Clark's use of Meyers' vehicle when his use was ostensibly for the benefit of Michael. We find no merit to this challenge.

A party against whom a claim has been asserted may move, with or without supporting affidavits, for summary judgment in his favor on all or any part of the claim. Civ. R. 56(B). A trial court may grant summary judgment in favor of a moving party if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines:

(1) that no genuine issue of material fact remains to be litigated;

(2) that the moving party is entitled to judgment as a matter of law; and

(3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. *Temple* v. *Wean*

*United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267; Civ. R. 56(C).

As we noted *supra,* at the time of the collision, the vehicle operated by Clark was titled to Meyers and was covered by a policy of auto insurance issued by Cincinnati Insurance. Robert and Dorothy Meyers were the named insureds under the policy. Cincinnati Insurance agreed under Part I of the policy's liability provision to indemnify any "insured" against liability incurred due to bodily injury or property damage "arising out of the ownership, maintenance or use of the owned automobile * * *." The policy defines "insured" in relevant part as follows:

"(a) with respect to the owned automobile,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

"(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above."

The definition of an "insured" set forth under subsection (a)(2), which extends coverage under the policy to one who operates or uses a covered vehicle with the permission of the named insured when his operation or use is within the scope of that permission, is known in common parlance as the "omnibus clause." The Supreme Court of Ohio in *West* v. *McNamara* (1953), 159 Ohio St. 187, 50 O.O. 229, 111 N.E. 2d 909, set forth the following principles governing the effect of an omnibus clause when an accident is caused by a third party who uses a covered vehicle with the consent of a permittee of the named insured:

(1) When the named insured gives another authority to use the vehicle and express permission to delegate that authority, the first permittee can delegate his authority to a second permittee so as to bring use by the second permittee within the protection of the policy.

(2) When the named insured authorizes the first permittee to use the vehicle but expressly forbids the delegation of that authority, the first permittee cannot delegate his authority to a second permittee so as to bring use by the second permittee within the protection of the policy.

(3) When the named insured authorizes use by the first permittee but is silent on the question of delegation, the first permittee cannot delegate his authority to a second permittee so as to bring use by the second permittee within the protection of the policy.

(4) Finally, the initial permission granted by the named insured to the first permittee may extend to a second permittee so as to bring use by the second permittee within the protection of the policy if use by the second permittee serves some purpose, benefit or advantage to the first permittee, *e.g.,* if the first permittee is a passenger in the vehicle or if the vehicle is driven in the interest of the first permittee or for some purpose mutual to the first permittee and the second permittee. *Id.* at 193-194, 50 O.O. at 231-232, 111 N.E. 2d at 912.

The final principle, under which the consent of the named insured to use by the second permittee may be said to be implied, suggests a qualification of the second principle to the effect that coverage under the omnibus clause may extend to use by the second permittee, despite the named insured's express prohibition against his use, when use by the second permittee is in some way beneficial to the first permittee. In light of subsequent decisions in which the principles set forth in *West*

have been applied, we find such a construction to be untenable.

The Supreme Court of Ohio, in *Security Mut. Cas. Co.* v. *Hoff* (1978), 54 Ohio St. 2d 426, 8 O.O. 3d 431, 377 N.E. 2d 509, addressed the issue of whether the named insured's consent to use of his vehicle by the permittee of his permittee may be implied when it has been expressly denied. The court in *Hoff* held that, when a named insured authorizes his permittee to use his vehicle but expressly prohibits use of the vehicle by a third person, the named insured's consent to use of the vehicle by a permittee of his permittee cannot be implied unless the express prohibition has been implicitly revoked and consent to use by the second permittee may be implied from the named insured's knowing acquiescense in the second permittee's use with the consent of the first permittee.

The decision of the Court of Appeals for Summit County in *Erie Ins. Group* v. *Kraft* (Feb. 25, 1981), Summit App. No. 9852, unreported, lends further support to our position. The court in *Kraft* acknowledged the potential conflict between the second and fourth principles enunciated in *West, supra,* and confronted the issue of whether the named insured's consent to use of a covered vehicle by the second permittee may be implied in the face of an express prohibition against his use when his use was ostensibly beneficial to the first permittee. The omnibus clause at issue in *Kraft* extended liability coverage to "[a]ny person using * * * an owned car we insure," but required that "[t]his operation or other use * * * be with * * * [the named insured's] permission, unless the use is by a resident of * * * [the named insured's] household." The court reasoned that, under the subject clause, the use made of the vehicle was determinative of the insurance company's liability under the policy and that the named insured's ex-

press prohibition against use of the vehicle by anyone other than the first permittee constituted a restriction on the first permittee's use. Thus, the court held that:

"[W]hen * * * an insured allows another (the first permittee) to use insured's vehicle and contemporaneous with that allowance expressly admonishes the permittee to allow no one else to use the vehicle, the second permittee's use, if it results in damage, does not bring him within the protection of an omnibus liability clause written in the words of the * * * policy before us * * * even though it may be agreed that the purpose of the second permittee in using the car is somehow of benefit to the first permittee." *Id.* at 6-7.

The liability provision of the policy of auto insurance issued by Cincinnati Insurance extended coverage to any person operating or using a covered vehicle with the permission of the named insured, provided that his operation or use was within the scope of that permission. Consistent with the reasoning in *Kraft, supra,* we determine that, when a named insured permits another to use a covered vehicle but expressly prohibits its use or operation by a third party, the express prohibition limits the scope of the first permittee's authorized use. We further hold, consistent with the decision in *Hoff, supra,* that, in the face of an express prohibition by the named insured against use of his vehicle by a third party, the second permittee's use does not fall within the protection of the instant policy, regardless of whether his use inures to the benefit of the first permittee, unless the prohibition has been implicitly revoked and consent to the second permittee's use may be implied from the named insured's knowing acquiescence in the second permittee's use with the consent of the first permittee.

The Jackmans asserted in their

complaint against Cincinnati Insurance that Clark's use of Meyers' vehicle fell within the protection of the instant policy under the policy's omnibus clause. Cincinnati Insurance countered this assertion with the affidavits of Robert, Dorothy and Michael Meyers, in which they averred that Meyers, the named insured, authorized Michael to use the covered vehicle but placed a restriction on his use with a prohibition against operation of the vehicle by another and that Michael, despite his father's restriction, permitted Clark to operate the vehicle without either obtaining his father's permission or informing his father of Clark's previous use. The Jackmans have not, by affidavit or otherwise, controverted those averments, nor do they contend that Meyers' express prohibition was, by implication, revoked. Thus, viewing the inferences to be drawn from the underlying facts set forth in the pleadings and evidentiary material submitted below in a light most favorable to the Jackmans, we determine that no genuine issue of material fact remains to be litigated and that Cincinnati Insurance is entitled to judgment in its favor as a matter of law. We, therefore, overrule the sole assignment of error advanced on appeal and affirm the judgment of the court below.

*Judgment affirmed.*

KLUSMEIER, P.J., SHANNON and HILDEBRANDT, JJ., concur.