CINCINNATI INSURANCE COMPANY,

v.

KRAMER, Appellant;

Leader National Insurance Company, Appellee.

[Cite as *Cincinnati Ins. Co. v. Kramer* (1993), 91 Ohio App.3d 528.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920628.

Decided Nov. 10, 1993.

---

*Robert F. Barnes, Jr.,* for appellant.

*Albert T. Brown, Jr.,* for appellee.

GORMAN, Judge.

## I STATEMENT OF FACTS AND PROCEEDINGS

Dennis E. Kramer, defendant-appellant/cross-claimant, appeals from the trial court's order granting summary judgment in favor of Leader National Insurance Company, defendant-appellee/cross-claimant ("Leader"). Kramer contends that an insurance policy issued to him by Leader provided liability coverage for damage he caused to an automobile that he was driving, but did not own. In his single assignment of error, Kramer argues that: (1) a genuine issue of material fact existed as to whether he had the owner's permission to operate the automobile; (2) Leader was obligated to certify his policy; and (3) an exclusion in Leader's liability policy, which denied coverage for damage or injury when he was driving a nonowned automobile without permission, was against public policy. The assignment of error is not well taken.

On June 1, 1991, while driving a Lincoln Town Car leased by Stephen Brewer from the Hertz Rent–A–Car Company ("Hertz"), Kramer struck another vehicle. Brewer's liability insurance carrier, Cincinnati Insurance Company ("CIC"), filed a complaint for declaratory judgment in which it requested a declaration that CIC did not have a duty to indemnify Kramer. Kramer counterclaimed against CIC and cross-claimed against Brewer, Hertz, and Leader.

The trial court on motion by Hertz and Brewer dismissed them both as parties. The trial court also granted CIC's motion for summary judgment. Subsequently, the trial court granted Leader's motion for summary judgment and dismissed Kramer's cryptic motion for summary judgment. The trial court declared that

Leader had no duty to defend Kramer or to indemnify him for the damage caused in the accident described in CIC's original complaint. Kramer appeals only the trial court's declaration in the order granting Leader's motion for summary judgment.

## II ASSIGNMENT OF ERROR

### A. *Genuine Issue of Material Fact*

Civ.R. 56(C) prohibits a trial court from granting summary judgment when a genuine issue of material fact remains in dispute. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65–66, 609 N.E.2d 144, 145. Under "Part I—Liability Coverage," Leader's policy with Kramer provided: "Liability coverage applies to you while driving your covered auto and to you while driving *any auto other than your covered auto, if you have permission from the owner * * * "* (emphasis added). Under the Hertz rental agreement, Brewer could grant permission to his "spouse, employer, employees, or fellow employees" to drive the Lincoln Town Car. The agreement stated, however, that, except "to the extent necessary for valet parking or in an emergency as permitted by law, no other persons are permitted to operate the Car." Therefore, under the Hertz rental agreement Brewer's relationship with Hertz was that of a permittee, and Kramer was a second permittee.

The established rule in Ohio is that courts enforce insurance policies using the rules of construction that apply to contracts generally. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 275–276, 436 N.E.2d 1347, 1348–1349 (modified on other grounds in *In re Nationwide Ins. Co.* [1989], 45 Ohio St.3d 11, 543 N.E.2d 89). When the provisions of an insurance contract are clear and unambiguous, courts cannot enlarge the coverage by implying terms that are not in the agreement. *Id.; Rhoades v. Equitable Life Assur. Soc.* (1978), 54 Ohio St.2d 45, 8 O.O.3d 39, 374 N.E.2d 643.

The burden of proof is on Kramer to establish that he comes within the coverage of Leader's policy. *Security Mut. Cas. Co. v. Hoff* (1978), 54 Ohio St.2d 426, 429, 8 O.O.3d 431, 433, 377 N.E.2d 509, 511. When an owner gives permission to use an automobile to an original permittee, who is expressly forbidden to delegate that authority, unless the owner's conduct implicitly revokes the prohibition, the original permittee cannot grant permission to a second permittee. *Id.* (citing *West v. McNamara* [1953], 159 Ohio St. 187, 193, 50 O.O. 229, 231, 111 N.E.2d 909, 912).

■ In this case, the Hertz rental agreement expressly prohibited Brewer (original permittee) from granting permission to Kramer (second permittee). Furthermore, Leader's policy clearly and unambiguously excluded coverage to Kramer when he was operating an automobile without the permission of the owner. Because Hertz, not Brewer, was the owner of the Lincoln Town Car, Brewer could not give Kramer the owner's permission to operate the vehicle.

Kramer argues that permission is a disputed factual issue. Brewer stated by affidavit that he did not give permission to Kramer to use the automobile. Kramer, however, submitted an affidavit by Gilbert Schneider, who said, "Mr. Brewer told both of us at that time that the keys were in and to park it in the driveway when we get back." Because Brewer, as a matter of law, did not have authority under the rental agreement to give Kramer permission to drive the automobile, this dispute is not a genuine issue of material fact within the contemplation of Civ.R. 56(C). See, generally, *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340–341, 617 N.E.2d 1123, 1126–1127; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

## B. *Certified Insurance Contract*

■ Kramer next argues that Leader was obligated to "certify" his insurance contract. Therefore, he contends that the policy provided coverage even when he did not have permission to drive the Hertz automobile. The General Assembly has mandated that every "operator's policy" of liability insurance shall cover the insured against loss rising out of the use "of any motor vehicle not owned by him." R.C. 4509.52. This section, however, relates only to insurance policies that are subject to proof of financial responsibility as required by R.C. 4509.45 and 4509.46. *Bob–Boyd Lincoln Mercury v. Hyatt* (1987), 32 Ohio St.3d 300, 302, 513 N.E.2d 331, 334. The insurance policies used to provide proof of financial responsibility must be "certified" by the insurer. *Id.* Only those persons who have failed to satisfy automobile-related judgments or have committed certain serious traffic offenses are required to have "certified" insurance policies. *Id.* at 303, 513 N.E.2d at 335.

Kramer's policy states:

"If you are required to show proof of financial responsibility for the future because of auto accidents, traffic violations or other state motor vehicle requirements, we will certify this policy as proof."

This language is unambiguous. It simply provides that if, in the future, Kramer must meet the financial responsibility requirements of R.C. 4509.45, Leader will certify the policy. Nothing in the record suggests that this contin-

gency has occurred. Consequently, the trial court correctly concluded that Leader was not obligated to certify the policy.

#### C. *Ohio Public Policy*

Kramer argues, in the alternative, that the trial court's construction of Leader's insurance contract violated Ohio public policy as set forth in the Financial Responsibility Act. Kramer maintains that the nonpermissive-use/non-owned automobile provision of R.C. 4509.52 should apply to all insurance policies whether certified or not. Courts have a duty to "enforce the statute as written," not add or subtract provisions as circumstances change. *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 265, 602 N.E.2d 1159, 1164.

Kramer has offered no proof that Leader was required to certify his insurance contract as an "operator's policy" under R.C. 4509.52. Additionally, the court's declaration refers only to the property damage to the Hertz automobile described in CIC's complaint. Even if the insurance contract had been certified, Leader was entitled to exclude property damage to non-owned automobiles as specifically provided by R.C. 4509.54. Therefore, no public policy requires Leader to cover property damage caused by Kramer while driving the Hertz automobile without permission of the owner.

### III CONCLUSION

Finding no merit in Kramer's assignment of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., and HILDEBRANDT, J., concur.