JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Allstate Insurance Company ("Allstate") appeals the trial court's granting of summary judgment in favor of plaintiff-appellees Maggie Williams, Kimberly Williams, and Laphonso Williams (collectively referred to as "the Williams Family"). In granting the motion for summary judgment, the court declared that Allstate and co-defendant Omni Insurance Company ("Omni") owe the Williams Family liability coverage.[1] Finding merit to this appeal, we reverse the trial court's decision as it pertains to Laphonso and Kimberly Williams.[2]
 {¶ 2} This declaratory judgment action arises from an automobile accident which occurred on February 7, 1999. At the time of the accident, Laphonso Williams ("Laphonso") was driving a rental car provided to his mother, Maggie Williams, from Clerac Inc., d.b.a. Enterprise Rent-A-Car. Laphonso's sister, Kimberly Williams ("Kimberly"), was a passenger in the car. Third-party defendants, Parris Martin ("Martin") and Donnis Young ("Young"), were in the other vehicle which collided with the rental car as Laphonso exited the driveway.
 {¶ 3} At the time of the collision, Laphonso had auto insurance through Omni, and Maggie had auto insurance issued by Allstate. Indeed, Allstate provided Maggie the rental car which was involved in the accident because her vehicle was being repaired.
 {¶ 4} As a result of the accident, Kimberly, Laphonso, and third-party defendants Martin and Young allegedly suffered bodily injury and Martin's vehicle was damaged. Laphonso, Kimberly, and Maggie subsequently demanded "full coverage" under both the Allstate and Omni policies. Omni and Allstate denied coverage on grounds that the rental agreement between Maggie and Enterprise Rent-A-Car indicated that "no other driver" was permitted to operate the vehicle.
 {¶ 5} The Williams Family subsequently brought this declaratory judgment action, asking the court to declare that they are "entitled to full coverage benefits as provided by" the Allstate policy. In granting the Williams Family's motion for summary judgment against Allstate, the court stated:
"The court hereby declares that Plaintiffs, Maggie Williams,Kimberly Williams, and Alphonso Williams [sic] are entitled tofull coverage of benefits as provided by Allstate Policy No.092747922. * * * Therefore, motion for summary judgment againstDefendant, Allstate Insurance Company is granted. * * *"
 {¶ 6} This court dismissed the first appeal from the above declaration for lack of a final appealable order because claims remained pending, i.e. Allstate's cross-claim against Omni seeking a declaration that its coverage is secondary or excess to that of Omni, Allstate's third-party action against Donnis Young and Paris Martin, and the counterclaim of Enterprise Rent-A-Car. See Williams v. Allstate Ins. Co., Cuyahoga App. Nos. 80964, 80972, 2002-Ohio-4590.
 {¶ 7} Upon remand, Allstate and Enterprise Rent-A-Car dismissed their remaining claims without prejudice, and the trial court clarified its earlier declaration of coverage and decided the issue of excess coverage by stating:
"Therefore, the court hereby declares that Allstate and Omniowe Plaintiffs liability coverage for the February 7, 1999accident on a prorated basis. The Omni policy has limits of$12,500/$25,000, and the Allstate policy has limits of$50,000/$100,000. Therefore, Omni's proportionate share is 1/5and Allstate's proportionate share is 4/5 of the total damages.* * *"
 {¶ 8} From this decision, Allstate appeals, raising three assignments of error.
 Coverage for Laphonso and Kimberly Williams {¶ 9} In its first and second assignments of error, Allstate contends that the trial court erred by granting the Williams Family's motion for summary judgment, thereby declaring that Laphonso and Kimberly Williams are entitled to liability coverage. We agree.
 {¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370, citing, Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
 {¶ 11} Allstate contends that Laphonso Williams is not an insured under the policy because he is not a resident relative of Maggie Williams, and in the alternative, even if he was a resident relative, he is still not entitled to coverage because he did not have the owner's permission to drive the vehicle. Likewise, Allstate argues that, although Kimberly Williams is a resident relative of Maggie Williams, she is precluded from recovering because Laphonso, a non-resident relative, was operating the vehicle.
 {¶ 12} In order to determine whether Laphonso and Kimberly are "insureds" and entitled to coverage under the policy, we must turn to the specific language of the policy and construe the language of the insurance contract in accordance with the same rules of construction as other written contracts. See HybudEquip. Corp. v. Sphere Drake Ins. Co. (1992), 64 Ohio St.3d 657,665. Thus, "if the language of the policy is clear and unambiguous, the words and phrases used therein must be given their natural and commonly accepted meaning consistent with the intent of the parties." Rushdan v. Baringer (Aug. 30, 2001), Cuyahoga App. No. 78478, citing, Tomlinson v. Skolnik (1989),44 Ohio St.3d 11, 12. In contrast, any ambiguity in the contract language must be strictly construed against the insurer and liberally in favor of the insured. King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208, syllabus.
 {¶ 13} The pertinent terms of the Allstate policy are defined as follows:
"5. `Insured Auto' means any auto or utility auto you ownwhich is described on the Policy Declarations. This alsoincludes:
* * *
c. A substitute auto;
* * *
6. `Non-owned Auto' means an auto used by you or a residentrelative with the owner's permission but which is not:
 owned by you or a resident relative, or
 available or furnished for the regular use of you or aresident relative.
* * *
`Resident' means a person who physically resides in yourhousehold with the intention to continue residence there. We mustbe notified whenever an operator becomes a resident of yourhousehold. Your unmarried dependent children while temporarilyaway from home will be considered residents if they intend toresume residing in your household.
 `Substitute Auto' means a non-owned auto being temporarilyused by you or a resident relative with the permission of theowner while your insured auto is being serviced or repaired, orif your insured auto is stolen or destroyed."
 {¶ 14} Allstate further defines who is an insured under its liability section as follows:
"Additional Definitions for Part 1
`Insured Person(s)' means:
While operating your insured auto:
 you,
 any resident relative,
 and any other person operating it with your permission.
 While operating a non-owned auto:
 you, and
 any resident relative."
 {¶ 15} Based on the clear and unambiguous language of the policy, we find that regardless of Laphonso's status as a resident relative, he is precluded from recovering under the policy because of the definition of "substitute auto." Here, it is undisputed that at the time of the accident, Laphonso was driving his mother's rental car, and he was not an authorized driver under the terms of the rental agreement. Therefore, he did not have the permission of the owner to drive the "substitute auto." Because the definition of an insured while operating a non-owned or substitute auto expressly requires that the operator have the permission of the owner, Laphonso fails to satisfy the definition of an insured.
 {¶ 16} In reaching this conclusion, we reject the argument that permission from Maggie Williams was sufficient to qualify Laphonso as an insured under the policy. In support of their argument, Laphonso and Kimberly rely on the Ohio Supreme Court's decision in Security Mutual Casualty Co. v. Hoff (1978),54 Ohio St.2d 426. We find this case distinguishable on several grounds. First, Hoff did not involve a non-owned or substitute auto. Further, after the jury found that the owner of the vehicle had impliedly given permission to the driver and the policy contained an express provision that an insured included any person operating the vehicle with the named insured's permission, the court found that the driver was covered under the owner's insurance policy. Id. at 430. In the instant case, there is no dispute that Laphonso did not have the permission of the rental company to drive the rental vehicle and, further, there is no provision that permission from Maggie was sufficient to qualify him as an insured.
 {¶ 17} Likewise, we are not persuaded by the argument that because Laphonso is not specifically listed on the declaration page as an "excluded driver," he is an insured under the policy. The plain language of the policy states that the driver must have the permission of the owner when driving a non-owned vehicle. Maggie Williams had the option to include Laphonso as an authorized driver under the rental agreement but chose not to do so. We cannot rewrite the policy to give coverage where none was provided.
 {¶ 18} Laphonso and Kimberly Williams also argue that because the vehicle was a substitute vehicle, Ohio law favors continuous coverage and, thus, Laphonso should be entitled to the same coverage he would receive if he was driving his mother's vehicle. Again, this argument ignores the clear and unambiguous language of the policy. Because Laphonso did not have the permission of the owner, the policy does not provide him with liability coverage.
 {¶ 19} Finally, in regard to Kimberly Williams, we find no provision in the liability section extending coverage to her. Although both parties suggest that the status of Laphonso, i.e., resident or non-resident, determines Kimberly's eligibility for coverage, we disagree. The additional definition of an insured under the liability section includes only operators of the vehicle. It is undisputed that Kimberly was a passenger at the time of the accident. The plain language of the policy excludes Kimberly as an insured, and, thus, the trial court erred by finding that she was entitled to liability coverage.
 {¶ 20} Accordingly, we sustain Allstate's first and second assignments of error.
 Attorney Fees {¶ 21} In its last assignment of error, Allstate argues that the trial court erred by awarding attorney fees. Contrary to Allstate's assertion, our review of the record indicates that the trial court never awarded attorney fees. Thus, we find this assignment of error lacks merit.
 {¶ 22} In summary, we affirm the trial court's judgment finding that Maggie Williams is entitled to coverage under the Allstate policy and reverse the judgment finding liability coverage for Laphonso and Kimberly Williams under the Allstate policy.
 {¶ 23} Judgment affirmed in part and reversed in part.
 {¶ 24} This cause is affirmed in part and reversed in part.
Corrigan, A.J., and Rocco, J., Concur.
This court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellants and said appellees share the costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Omni has not appealed the court's ruling, and is, therefore, not a party to this appeal.
[2] Allstate has not challenged the trial court's declaration of coverage for Maggie Williams, the mother of Laphonso and Kimberly and, thus, we affirm that part of the decision.