SAFE AUTO INSURANCE COMPANY, Appellee,

v.

KOROMA, Appellant.

[Cite as *Safe Auto Ins. Co. v. Koroma,* 169 Ohio App.3d 747, 2006-Ohio-6742.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–630.

Decided Dec. 19, 2006.

748

Freund, Freeze & Arnold, L.P.A., David A. Shearer, and David W. Zahniser, for appellee.

Stanley L. Myers, for appellant.

BRYANT, Judge.

{¶ 1} Defendant-appellant, Dennis M. Koroma, appeals from a judgment of the Franklin County Court of Common Pleas concluding that plaintiff-appellee, Safe Auto Insurance Company ("Safe Auto"), has no contractual obligation to defend or indemnify defendant regarding an automobile collision that occurred while defendant was driving a rental vehicle. Because the trial court properly so concluded, we affirm.

{¶ 2} On March 7, 2005, Safe Auto filed a declaratory judgment action against defendant, seeking a ruling that Safe Auto owed no duty under the policy it issued to defendant to defend or indemnify him for any liability arising from an automobile accident that happened while defendant was driving a rental vehicle in Kentucky. Defendant responded with an answer and counterclaim asserting that defendant is entitled to liability coverage in the amount provided in the insuring contract.

{¶ 3} The parties submitted the matter to the trial court on stipulated facts. According to those facts, defendant, an insured of Safe Auto, rented a motor vehicle from Budget Rental in order to drive his children to Texas. The automobile defendant owned and insured with Safe Auto was not being serviced or repaired, nor had it been stolen or destroyed. While defendant was driving the rental vehicle in Kentucky, he collided with a motor vehicle owned by Freedom Express, Inc.

{¶ 4} On those facts, the parties asked the trial court to declare whether the policy between Safe Auto and defendant obliged Safe Auto to defend and indemnify defendant from liability arising from the accident. The trial court noted the exclusion in the policy stating that defendant was not covered when he was driving a rental vehicle, unless his covered automobile was being serviced or repaired, or it was stolen or destroyed. Since none of the extenuating circumstances applied, rendering the exclusion applicable, the trial court concluded that the policy was written for less than the minimum limits set forth in R.C. 4509.01(K).

{¶ 5} The trial court nonetheless noted that R.C. 4509.104 permits exclusions to a policy so long as they are set forth in a "clear and conspicuous warning pursuant to R.C. 4509.104." Because the policy stated, "PLEASE NOTE THAT NO COVERAGE IS AFFORDED TO VEHICLES RENTED FOR REASONS OTHER THAN THOSE STATED ABOVE," the court deemed the provision clear and conspicuous and concluded that Safe Auto is not obliged to defend or indemnify defendant for liability arising from the accident.

{¶ 6} Defendant appeals, assigning two errors:

First Assignment of Error

An insurer's exclusion of coverage for damages caused by its insured's negligent operation of a motor vehicle from a policy of insurance mandated by Chapter 4501[sic], R.C., is void as against public policy.

Second Assignment of Error

If Safe Auto's exclusion from coverage is a permissible exclusion, the failure of Safe Auto to clearly and conspicuously on the face of the policy warn Koroma that the policy did not comply with financial responsibility causes the exclusion to violate § 4509.104 and is void.

No evidence was presented that Koroma understood or agreed to the exclusion.

{¶ 7} Because defendant's two assignments of error are interrelated, we address them jointly. Together they assert that Safe Auto's policy violates R.C. Chapter 4509 and is against public policy because it excludes from coverage defendant's use of a rental vehicle.

{¶ 8} Ohio's Financial Responsibility Law establishes a two-tiered framework that allows drivers to operate on, more or less, an honors system in the first instance: the law permits a driver to choose among a variety of means, including liability insurance policies or bonds, to assure financial responsibility. If, however, the driver is discovered to be without the required financial responsibility, then the relevant statutes mandate a certified policy of insurance as one of several options to prove financial responsibility.

{¶ 9} More particularly, R.C. 4509.101 prohibits a person from operating, or permitting the operation of, a motor vehicle in Ohio "unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle." R.C. 4509.101(A)(1). Proof of financial responsibility does not require that a owner or driver maintain a policy of insurance, but rather "proof of ability to respond in damages for liability * * * arising out of the ownership, maintenance, or use of a motor vehicle" in the amount of (1) $12,500 because of bodily injury to or death of one person in any one accident, (2) $25,000 because of bodily injury to or death of two or more persons in any one accident, and (3) $7,500 because of injury to property of others in any one accident. R.C. 4509.01(K).

{¶ 10} If any automobile insurance policy "does not provide liability coverage at the time of issuance of the minimum amounts provided under division (K) of section 4509.01 of the Ohio Revised Code for proof of financial responsibility," the policy "shall contain a clear and conspicuous warning on the face of the policy stating that the policy does not constitute proof of financial responsibility as required for the operation of a motor vehicle under division (A)(1) of 4509.101 of the Revised Code." R.C. 4509.104.

{¶ 11} In the event a person operates a motor vehicle in this state without proof of financial responsibility as defined in R.C. 4509.01(K), or commits any of the other triggering factors under R.C. 4509.101, the person, among other things, must file and continuously maintain proof of financial responsibility under R.C. 4509.44 to 4509.65. R.C. 4509.101(A)(5)(c). The proof of financial responsibility required under R.C. 4509.44 must be met through the means set forth in R.C. 4509.45, including "[a] certificate of insurance as provided in section 4509.46 or 4509.47 of the Revised Code." R.C. 4509.45(A)(2).

{¶ 12} As R.C. 4509.46 explains, proof of financial responsibility for those who have violated R.C. 4509.101 "may be furnished by filing with the registrar of motor vehicles the written certificate of any insurance carrier authorized to do business in this state certifying that there is in effect a motor-vehicle liability policy for the benefit of the person to furnish proof of financial responsibility." R.C. 4509.46. A motor vehicle policy "means an 'owner's policy' or 'operator's policy' of liability insurance, certified as provided in section 4509.46 or 4509.47 of the Revised Code as proof of financial responsibility, and issued, except as provided in section 4509.47 [proof of financial responsibility by nonresident] of the Revised Code, by an insurance carrier authorized to do business in this state, to or for the benefit of the person named therein as an insured." R.C.4509.01(L).

{¶ 13} Within those parameters, defendant argues that Safe Auto's policy in this case violates R.C. 4509.104; defendant asserts that because of the exclusion Safe Auto included, the policy does not provide liability insurance in at least the minimum amounts. Safe Auto's policy, issued for the period from February 21, 2004 to August 21, 2004, covered a 1995 Ford Windstar Wagon and a 1998 Toyota Camry. Pursuant to the declarations page, the policy included the following limits of liability: $12,500 each person/$25,000 each accident for bodily injury, $7,500 each accident for property damage, and $1,000 each accident in medical payments. Under Part I of the policy, entitled Liability Coverage, the policy states:

> **We** will provide liability coverage for an **auto you** rent from a car rental agency or garage, ONLY while **your covered auto** is being serviced or repaired, or if it has been stolen or destroyed. PLEASE NOTE THAT NO COVERAGE IS AFFORDED TO **VEHICLES** RENTED FOR REASONS OTHER THAN THOSE STATED ABOVE.

(Boldface and capitalization sic.)

{¶ 14} Contrary to the trial court's determination, Safe Auto's policy meets the minimum requirements of R.C. 4509.01(K) by covering the specified vehicle throughout the registration period with the minimum limits set forth in R.C. 4509.01(K). Because defendant purchased insurance for the vehicles he owned, R.C. 4509.101 requires proof of financial responsibility with respect to those

vehicles. Safe Auto's policy insured the automobiles defendant owned to the minimum requirements of R.C. 4509.01(K). As a result, Safe Auto was not required to include a clear and conspicuous warning pursuant to R.C. 4509.104 on the face of the policy stating that the policy does not constitute proof of financial responsibility under R.C. 4509.101. If defendant desired a policy that covered him in the operation of any vehicle, he could have obtained such a policy.

{¶ 15} In an effort to circumvent the plain language of R.C. 4509.01 and 4509.101, defendant relies on R.C. 4509.54 to contend that Safe Auto's insurance contract violates public policy because, even though the only permissible exclusion in a motor vehicle liability policy relates to workers' compensation, the exclusion in Safe Auto's policy is unrelated to workers' compensation.

{¶ 16} Defendant, however, intermingles the two different levels of Ohio's financial responsibility laws. R.C. 4509.54 applies to a motor vehicle liability policy issued to a person whose actions triggered one of the factors set forth in R.C. 4509.101, such as being involved in an automobile accident without the requisite proof of financial responsibility. Nothing in the facts of this case suggests that, at the time Safe Auto issued its policy to him, defendant had violated R.C. 4509.101 in a manner that required a motor vehicle liability policy as proof of financial responsibility under R.C. 4509.44 through 4509.65. As a result, R.C. 4509.54 does not apply to Safe Auto's policy; defendant was required to prove financial responsibility under the first tier of the Financial Responsibility Law.

{¶ 17} The First District Court of Appeals reached the same determination in *Cincinnati Ins. Co. v. Kramer* (1993), 91 Ohio App.3d 528, 632 N.E.2d 1333. In that case, Dennis Kramer collided with another vehicle while he was driving a car Stephen Brewer had leased from Hertz Rent–A–Car Company. Cincinnati Insurance Company filed a complaint for declaratory judgment seeking a declaration that it had no duty to indemnify Brewer, its insured. Kramer counterclaimed and cross-claimed against, among others, Leader National Insurance Company ("Leader"), Kramer's liability insurance carrier. Kramer contended that the exclusion in Leader's policy that denied coverage when Kramer was driving a nonowned vehicle without permission was against public policy. The trial court declared that Leader had no duty to defend or indemnify Kramer.

{¶ 18} On appeal, Kramer initially argued that the policy necessarily provided coverage under R.C. 4509.52, because the legislature required every operator's policy of liability insurance to cover the insured against loss arising out of the use "of any motor vehicle not owned by him." The appellate court, however, disagreed, explaining that R.C. 4509.52 "relates to only insurance policies that are subject to proof of financial responsibility as required by R.C. 4509.45 and

4509.46." Id. at 532, 632 N.E.2d 1333, citing *Bob–Boyd Lincoln Mercury v. Hyatt* (1987), 32 Ohio St.3d 300, 302, 513 N.E.2d 331.

{¶ 19} Alternatively, Kramer argued that "the trial court's construction of Leader's insurance contract violated Ohio public policy as set forth in the Financial Responsibility Act." Kramer, as does defendant here, essentially maintained that the provisions of R.C. 4509.52 "should apply to all insurance policies whether certified or not." The court again disagreed, concluding that Kramer had offered no proof to the insurance company of circumstances that would require Leader to certify Kramer's insurance contract as an "operator's policy" under R.C. 4509.52. "Therefore, no public policy requires Leader to cover property damage caused by Kramer while driving the Hertz automobile without permission of the owner." Id., 91 Ohio App.3d at 533, 632 N.E.2d 1333.

{¶ 20} Similarly, nothing in the financial responsibility laws requires Safe Auto to certify its liability insurance policy issued to defendant. As a result, R.C. 4509.44 to 4509.65 do not apply. Instead, R.C. 4509.101 applies, requiring that defendant maintain proof of financial responsibility as defined in R.C. 4509.01(K). While defendant could accomplish that end through any of the means set forth in R.C. 4509.101(G), including a liability insurance policy, defendant chose a policy that did not cover him in a rental car unless his own vehicles were disabled through service, repair, theft, or destruction. As a result, defendant was required to maintain proof of financial responsibility through some other means with respect to his operation of the rental vehicle, including a separate policy of insurance to cover such situations or insurance purchased from the rental company at the time he rented the vehicle.

{¶ 21} In the final analysis, the trial court properly concluded that Safe Auto has no duty to defend or indemnify defendant under the terms of the policy it issued to him. The policy does not violate public policy, provides coverage in the minimum amount set forth in R.C. 4509.01(K), and, in the absence of any statutory provisions to the contrary, may exclude defendant's operation of a rental vehicle under the circumstances of this case. Accordingly, defendant's two assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

SADLER and McGRATH, JJ., concur.