FRATILLA, Appellant,

v.

OWNERS INSURANCE COMPANY, Appellee.

[Cite as *Fratilla v. Owners Ins. Co.*, 193 Ohio App.3d 191, 2011-Ohio-970.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1237.

Decided March 4, 2011.

Charles E. Boyk, for appellant.

John R. Kuhl, for appellee.

SINGER, Judge.

{¶ 1} Appellant appeals the award of a summary judgment issued by the Lucas County Court of Common Pleas to an insurer in a dispute over liability coverage. For the reasons that follow, we affirm.

{¶ 2} On November 16, 2000, appellant, Mary Fratilla, was injured while riding in a car driven by her husband, Terry Fratilla. In 2005, appellant brought suit against Terry and her insurer, appellee, Owners Insurance Company. Appellee alleged that her injuries were the result of Terry's negligence and that as the result of appellee's denial of liability coverage, Terry was an uninsured motorist.

{¶ 3} In this proceeding, the trial court dismissed appellant's claim on appellee's motion for summary judgment, declaring that appellee's decision to deny coverage was proper based on the household-exclusion clause in the insurance policy. Appellant's appeal of this ruling was dismissed for want of a final, appealable order, because other claims remained pending. *Fratilla v. Fratilla* (Apr. 19, 2007), 6th Dist. No. L–07–1047.

{¶ 4} When the matter returned to the trial court, appellee and the administrator of the estate of the now deceased Terry Fratilla negotiated an agreement under which the estate conceded Terry's negligence in the accident and agreed to a consent judgment against the estate in the amount of $75,000 in compensation for appellant's injuries. On June 11, 2009, appellant filed a "Supplemental Complaint for Payment of Consent Judgment" and for a declaratory judgment of coverage against appellee.

{¶ 5} The matter was eventually submitted to the trial court on cross motions for summary judgment. On consideration, the trial court concluded that the household-coverage exclusion in appellee's policy precluded coverage on these facts. The court granted appellee's summary-judgment motion and denied appellant's. From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:

{¶ 6} "The trial court erred to the prejudice of the appellant when it found that the intrafamily exclusion contained in the appellee's policy of insurance was valid and enforceable under Ohio law."

{¶ 7} On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio

App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated:

{¶ 8} "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 9} In this matter, the facts are stipulated. The only issue is the legal effect of the provisions in appellee's contract of insurance.

{¶ 10} Appellant was the named insured in an automobile insurance policy issued by appellee for the vehicle in the 2000 collision. Under "Liability Coverage," the policy provides:

{¶ 11} "**We** will pay damages for **bodily injury** and **property damage** for which **you** become legally responsible because of or arising out of the ownership, maintenance or use of **your automobile** as an **automobile**. **We** will pay such damages:

{¶ 12} "(1) on **your** behalf;

{¶ 13} "(2) on behalf of any **relative** using your **automobile** * * *."

{¶ 14} A "**relative**" is defined as "a person who resides with **you** and who is related to you by blood, marriage or adoption. * * *." (Boldface sic.)

{¶ 15} Ordinarily then, as appellant's spouse, bodily injury damages for which Terry became responsible while using appellant's automobile would be covered to the limits of the policy.

{¶ 16} The policy, however, has an endorsement titled "Exclusion of Injury to Family Members." This endorsement states, "It is agreed: **SECTION II— LIABILITY COVERAGE** does not apply to **bodily injury** to **you** or any **relative**. All other policy terms and conditions apply." (Boldface and capitalization sic.) It is this household-exclusion provision that is at issue.

{¶ 17} As the trial court noted, we have upheld the household exclusion with respect to uninsured/underinsured-motorist's coverage. *Wertz v. Wertz*, 6th Dist. No. H–06–036, 2007-Ohio-4605, 2007 WL 2553419, ¶ 21, citing *Snyder v. Am. Family Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574. Appellant concedes that point, but suggests that with respect to liability coverage, even though such provisions have been found permissible, see *O'Connor–Junke v. Estate of Junke*, 8th Dist. No. 91226, 2008-Ohio-5874, 2008 WL 4885046, ¶ 11, such an exclusion is against public policy.

{¶ 18} Appellant premises her argument on a portion of R.C. Chapter 4509, the financial-responsibility act, specifically R.C. 4509.101, concerning proof of financial responsibility. R.C. 4509.101(A)(1) provides:

{¶ 19} "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle."

{¶ 20} " 'Proof of financial responsibility' means proof of ability to respond in damages for liability, * * * arising out of the ownership, maintenance, or use of a motor vehicle in the amount of [$12,500 per person, $25,000 per accident]." R.C. 4509.01(K). Any automobile insurance policy that fails to provide the coverage required in R.C. 4509.01(K) must contain a conspicuous warning of that fact on its face. R.C. 4509.104.

{¶ 21} Appellant maintains that it is the clear legislative intent of these and similar provisions that a motor vehicle should not be operated on Ohio highways unless proof of financial responsibility is maintained in the type and amount mandated. Because a household exclusion, such as the one in appellant's policy, negates a facet of that coverage, appellant insists, it is contrary to public policy.

{¶ 22} While appellant's argument is inventive, we, like the trial court, find it unpersuasive. When interspousal tort immunity was abolished in 1985, *Shearer v. Shearer* (1985), 18 Ohio St.3d 94, 18 OBR 129, 480 N.E.2d 388, paragraph two of the syllabus, the court neutrally, if not favorably, discussed the possibility of intrafamilial exclusions as a device to minimize "collusive fraud." In the end, the court concluded that the viability of such exclusionary clauses "is for the marketplace * * * to decide." Id. at 101.

{¶ 23} Moreover, appellant's reliance on the proof-of-financial-responsibility statutes is problematic. The act provides for a two-tier honor system that permits a driver to choose from a menu of means to assure his or her financial responsibility. *Geico Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 1st Dist. No. CD–070733, 2008-Ohio-4117, 2008 WL 3544921, ¶ 11, not accepted for review, 120 Ohio St.3d 1490, 2009-Ohio-278, 900 N.E.2d 200; *Safe Auto Ins. Co. v. Koroma*, 169 Ohio App.3d 747, 2006-Ohio-6742, 864 N.E.2d 703, ¶ 9; *Cincinnati Ins. Co. v. Kramer* (1993), 91 Ohio App.3d 528, 532, 632 N.E.2d 1333. Under tier one, the least-restrictive category, it is permissible for an insured to purchase a policy with any variety of exclusions. *Koroma* at ¶ 20; *Geico* at ¶ 24; *Kramer* at 533.

{¶ 24} The record contains no suggestion that appellant had been classified as anything other than a tier-one reporter. Consequently, she was at liberty to

purchase an insurance policy, or provide "proof of ability to respond in damages for liability" in the required amount pursuant to R.C. 4509.45.

{¶ 25} Accordingly, appellant's sole assignment of error is not well taken.

{¶ 26} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed.  It is ordered that appellant pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

Osowik, P.J., and Pietrykowski, J., concur.