*461
 
 Turner, J.
 

 The principal question to be decided here is whether the term “using” in the insurance policy involved in this case is to be construed as having the limited meaning of driving or operating or is to be given its ordinary signification.
 

 Under the terms of the policy any person “using” the automobile mentioned in the policy with the permission of the named insured becomes an insured whom the insurance company is bound to defend and “to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages.” As was pointed out by the Court of Appeals, the instant action against the insurer is not to collect the judgment against the driver of‘the vehicle, White.
 

 The appellant’s answer to the supplemental petition makes no claim that Bennett White was
 
 using
 
 the automobile. The claim of the answer is that the automobile was being
 
 driven
 
 by Bennett who had no permission to drive it and that Bennett was operating the automobile after the named insured “had expressly instructed and directed that he not so do.”
 

 No question has been raised as to the correctness of the trial court’s findings of fact. The trial court found that Dorothy Kennedy was using the automobile although Bennett White was driving it. The trial court did not find that Dorothy’s father “had expressly instructed and directed that he [White] not so do.” The trial court found that Dorothy Kennedy “had permission of her said father to use and drive said automobile. That she was attending Wilmington College at said time, and using said automobile to go to and from her home in Hamersville, Brown county, Ohio. That at said time Bennett White was a student at Wilmington College, and frequently rode with said Dorothy Kennedy in said automobile and was permitted by said Dorothy Kennedy to drive same, but without the
 
 *462
 
 knowledge or consent of the said W. E. Kennedy. That he was driving same, at the time of said collision with the permission of said Dorothy "Kennedy.”
 

 Appellant claims that by reason of the fact that Bennett White was driving the automobile Dorothy Kennedy was not using it. It would seem, at first blush at least, that the question of whether Dorothy was using the automobile had been settled in the main case and was no longer open to .question in the supplemental proceeding. As stated by the Court of Appeals in its opinion: “Evidently a jury must have so found, or there would be no judgment against her, upon which to predicate the instant action against the insurer, who defended the action against her.” However, the record before us does not contain the pleadings or sufficient other information pertaining to the mantease for us to pass upon the question of
 
 res judicata
 
 which was not specifically raised either here or in the court below. Appellee did raise the question both here and below of estoppel by reason of the fact that the insurance company made the defense for Dorothy Kennedy. We agree with the courts below that such defense is not sufficient of itself to constitute estoppel.
 

 We do not think that there is any ambiguous or doubtful language to be construed in the instant case.
 

 That the appellant chose the words in its policy advisedly and knew and appreciated the distinction between “using,” “driving,” and “operating,” is illustrated at several places in its policy. The italics used in the following quotations are ours:
 

 In item six where the named insured warrants that except as stated no accidents have occurred “as the result of ownership or
 
 operation
 
 of any automobile.”
 

 In item seven the purposes for which the automobile was to- be
 
 used
 
 are indicated.
 

 
 *463
 
 Under -both coverages A and B the company covenants to pay for damage “caused by accident and arising out of tbe ownership, maintenance or
 
 use
 
 of the automobile.”
 

 Under exclusions, if the automobile is
 
 used
 
 in the business of testing,
 
 et cetera,
 
 unless such
 
 use
 
 is specifically declared, no liability on the part of the company results.
 

 Again, while the automobile is being
 
 driven
 
 in a race or by a person in violation of law as to age or occupation no liability attaches to the company.
 

 Under exclusion (f) the company is not liable in respect of certain
 
 “operation,
 
 maintenance or repair” of the automobile. Under limit of liability (1) the policy provides against compensation for “loss of
 
 use.”
 

 Item III (1), which is the provision of the policy here in question, differentiates between the use and operation. We quote this provision:
 

 “III. This policy includes the following provisions as respects coverages A and B:
 

 “ (1) The unqualified word ‘insured’ wherever used in coverages A and B and in other'parts of this policy when applicable to those coverages includes not only the named insured but also any person while
 
 using
 
 the automobile and any person or organization legally responsible for the
 
 use
 
 thereof, provided the disclosed and actual
 
 use
 
 of the automobile is ‘pleasure and business’ or ‘commercial’ each as defined herein, and provided further that the actual
 
 use
 
 is with the permission of the named insured, or if the named insured is an individual with the permission of an adult member of the named insured’s household, other than a chauffeur or domestic servant. The provisions of this paragraph shall not apply, however, to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales
 
 *464
 
 .agency, service station or public parking place with respect to any accident arising out of the
 
 operation
 
 thereof; nor to any employee of an insured with respect to any action brought against said employee by another employee of the same insured injured in the course of such employment on account of an accident arising out of the
 
 operation or use
 
 of the automobile in the business of such insured.” (Italics ours.)
 

 The insurer did not choose to limit its liability to one who operates or drives the automobile but selected a wider term and agreed to insure anyone who used the car with permission.
 

 The fact that Bennett White was driving the car without the knowledge or consent of the named insured does not change the fact that Dorothy was using the automobile at the time of the accident for the purpose of transportation between her home and Wilmington College. (See finding nine,
 
 supra.)
 
 Had the evidence disclosed that Bennett White was driving alone on some mission of his own, a different situation would be presented. The only question here is whether Dorothy Kennedy was using the automobile with permission of her father, the named insured. That question was settled by the trial court’s finding of fact.
 

 We agree with the Court of Appeals that the words “using,” “used,” and “actual use” do not have the limited meaning of “operating,” “operated,” on “actual operation.” The defense that Bennett White was driving does not negative that fact that Dorothy Kennedy was using the automobile.
 

 Under the findings of fact by the trial court and the terms of the policy Dorothy Kennedy was an insured under the policy and it is the duty of the insurance company under its contract to respond. The insurance company is not being held liable for the use of the car by Bennett White and there is, therefore, no occasion to discuss whether Dorothy was sufficiently an
 
 *465
 
 adult member of the family of the named insured to grant permission for use by him.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.
 

 Williams, J., not participating.