{¶ 1} Appellant, Nationwide Insurance Company ("Nationwide"), appeals from a decision of the Trumbull County Court of Common Pleas that both denied its motion for summary judgment and granted summary judgment to appellees, State Farm Insurance ("State Farm") and Jesse Stahlman. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
{¶ 2} In March 1996, Jesse Stahlman and his cousin, David Nicholas, purchased a 1976 Buick LeSabre to use while traveling together to job sites in other states. Although the two men equally split the purchase price of the vehicle and the cost of new tires, they titled the car in Jesse Stahlman's name because they believed that the insurance premiums would be lower. Jesse Stahlman and his wife, Rachael, subsequently contacted their local State Farm agent and purchased automobile liability insurance for the LeSabre. For reasons unclear in the record, the issued policy listed Rachael Stahlman as the primary insured; nevertheless, it provided coverage to Jesse Stahlman by virtue of his spousal status.
{¶ 3} On the evening of August 15, 1996, David Nicholas and Jesse Stahlman returned from a job in Michigan. As in the past, David Nicholas dropped his cousin off in Southington, Ohio, and then drove the LeSabre to his own home in Lake Milton, Ohio. The next morning David Nicholas's son, Eric, was unable to start his car before school. As a result, David Nicholas gave his son permission to drive the LeSabre. On the way to school, Eric Nicholas failed to yield the right of way to oncoming traffic when turning left into a gas station and collided with another vehicle driven by Barbara Gambone ("Gambone").
{¶ 4} Following the accident, Eric Nicholas and his father requested that State Farm provide liability coverage for the damages sustained by Gambone. Furthermore, Eric Nicholas also sought to have State Farm pay for his medical expenses arising from the accident. State Farm ultimately denied both requests on the grounds that Eric Nicholas was not an "insured" for purposes of triggering coverage under the issued policy because he did not have either Jesse Stahlman's or his wife's permission to drive the LeSabre.
{¶ 5} Eric Nicholas filed a declaratory judgment action against State Farm seeking a declaration that he was entitled to coverage under the policy issued to the Stahlmans. Both parties subsequently filed motions for summary judgment, and after considering their submissions, the trial court granted summary judgment to State Farm on March 10, 1998. In doing so, the court concluded that Eric Nicholas had neither the expressed nor implied permission to drive the Stahlmans' LeSabre to school on the day of the accident.
{¶ 6} On November 17, 1998, Nationwide filed a motion pursuant to Civ.R. 60(B) asking the trial court to vacate its March 10, 1998 judgment. Nationwide argued that although it was not a party to the prior litigation, the judgment should be vacated on the grounds that the absence of a necessary and interested party constituted a jurisdictional defect precluding the trial court from properly rendering a valid declaratory judgment. In support, Nationwide argued that it was a necessary party because the company specifically insured both Gambone and David Nicholas and was potentially liable for claims arising out of the August 1996 accident.
{¶ 7} The trial court granted Nationwide's motion to vacate on February 12, 1999, and ordered that Nationwide, Jesse Stahlman, and Gambone be joined as new party-defendants in the declaratory judgment action. State Farm and Jesse Stahlman appealed that decision to this court. On appeal, we held that although Nationwide did not have standing to file a motion to vacate the March 10, 1998 judgment, "the trial court still had the intrinsic authority to vacate [its prior] judgment on the ground that it was encumbered by a jurisdictional defect[.]" Nicholas v.State Farm Ins. (June 9, 2000), 11th Dist. No. 99-T-0030, 2000 WL 757355, at 6. In other words, because the absence of necessary parties precluded the trial court from properly rendering a binding declaratory judgment, the court's decision to vacate the March 10, 1998 judgment was proper. Id.
{¶ 8} On remand, Nationwide filed both an answer and a cross-claim against State Farm. After the completion of discovery, Nationwide and appellees filed competing motions for summary judgment. The trial court considered the parties' respective arguments and denied Nationwide's motion for summary judgment on August 7, 2001. In the same judgment entry, the trial court granted appellees' motion for summary judgment and dismissed the case.
{¶ 9} From this decision, Nationwide filed a timely notice of appeal with this court. It now argues under its sole assignment of error that the trial court erred in granting appellees' motion for summary judgment, while at the same time denying its own. Specifically, Nationwide claims that David Nicholas, who had authorization to drive the car, permitted Eric Nicholas to use the LeSabre on the day of the accident, and that the use of the car benefited both David Nicholas and his son.
{¶ 10} Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12.
{¶ 11} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v.Turner (1993), 67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
{¶ 12} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. at 293.
{¶ 13} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
{¶ 14} As we noted earlier, the LeSabre was titled in Jesse Stahlman's name and, at the time of the accident, was covered by an automobile liability insurance policy issued by State Farm to Rachael Stahlman. The policy defined an "insured" in relevant part as:
{¶ 15} "1. you;
{¶ 16} "2. your spouse;
 {¶ 17} "3. the relatives of the first person named in the declarations;
 {¶ 18} "4. any other person while using such a car if its use is within the scope and consent of you or your spouse; and
 {¶ 19} "5. any other person or organization liable for the use of such a car by one of the above insured." (Emphasis added.)
{¶ 20} The definition of an "insured" included what is commonly referred to as an "omnibus clause," which provides "coverage for persons other than the named insured when such persons are operating the automobile with the permission and consent of the named insured." Bushv. Baldwin (June 20, 1991), 3d Dist. No. 9-89-62, 1991 Ohio App. LEXIS 3027, at 6. This case, however, involves a situation where the spouse, Jesse Stahlman, of the named insured, Rachael Stahlman, allowed David Nicholas, the permittee, to use the car, who in turn allowed his son, Eric Nicholas, to drive the car to school. As a result, this court must determine whether Eric Nicholas, as the permittee of a permittee is an "insured" under State Farm's policy.
{¶ 21} In West v. McNamara (1953), 159 Ohio St. 187, syllabus, the Supreme Court of Ohio set forth the following principles governing the operation of an omnibus clause when an accident is caused by a third party who uses a covered vehicle with the consent of a permittee of the named insured:
 {¶ 22} "An automobile liability insurance policy covering not only the named insured but also any person while actually using the automobile with the permission of the named insured does not cover the permittee [Eric Nicholas] of a permittee [David Nicholas] of a permittee of the named insured, where the last permittee [Eric Nicholas] drives the car without the presence of the named insured or the first or second permittee [David Nicholas] or not in the interest of or for a purpose mutual to such driver [Eric Nicholas] and the named insured or his permittee [David Nicholas], and where neither the named insured nor the first permittee [David Nicholas] permits, either directly or by implication, the last permittee [Eric Nicholas] to drive such car. Brown v. Kennedy, 141 Ohio St. 457, 48 N.E.2d 857, distinguished."
{¶ 23} In discussing the "conflict in the cases with respect to the meaning and scope of language in an automobile liability insurance policy which extends coverage to one who is actually using the automobile `with the permission of the named insured[,]'" the Court quoted the following language from Annotation, Omnibus Clause of Automobile Liability Policy As Covering Accidents Caused By Third Person Who Is Using Car With Consent of Permittee of Named Insured, 160 A.L.R. 1195, 1206:
 {¶ 24} "`It is submitted that as a generalization from all the cases within the scope of this annotation, the following rules may be stated as expressing the basis of the holdings in the great majority of the decisions:
 {¶ 25} "`1. The original permittee who has been given permission to use the automobile can delegate this authority to the second permittee so as to bring the use of the automobile by this person within the protection of the policy if permission has been expressly given by the named insured to make such delegation.
 {¶ 26} "`2. The original permittee who has been given permission to use the automobile but has been expressly forbidden to delegate this authority cannot do so, and the use of the car by the second permittee in violation of the named insured's express order is not within the protection of the policy.
 {¶ 27} "`3. The original permittee who has been given permission to sue [sic] the car can not, according to the great weight of authority, delegate this authority to the second permittee so as to bring the use of the car by that person within the protection of the policy where the initial permission is silent as to the question of delegation of authority.
 {¶ 28} "`4. The initial permission given by the named assured to the original permittee includes, according to the better view, the use of the automobile by the second permittee where in doing so the second permittee serves some purpose, benefit, or advantage of the first permittee. This is the case if the original permittee is riding in the car * * * or if the car is driven in his interest or for a purpose mutual to him and the second permittee * * *.'" West
at 193.
{¶ 29} Relying on West, Nationwide argues that "if a permittee of a permittee of the named insured or her spouse is driving the vehicle for the interest, purpose or mutual benefit of the first permittee or named insured and where the first permittee permits the second permittee to drive, then permission is implied from the named insured or her spouse by implication to drive the vehicle." That is to say, because Jesse Stahlman, a named insured, gave the first permittee, David Nicholas, no express instructions limiting his use of the LeSabre, Nationwide submits that David Nicholas had the authority to allow Eric Nicholas to use the vehicle. Furthermore, because Eric Nicholas' use of the vehicle was mutually beneficial to him and David Nicholas, Nationwide claims that Eric Nicholas is an "insured" for purposes of coverage.
{¶ 30} State Farm also relies on West and insists that it has no duty to provide coverage to Eric Nicholas unless his use of the LeSabre was within the scope of consent of the Stahlmans. In doing so, State Farm maintains that the omnibus clause included in its policy differs substantially from the one at issue in West. We disagree. In defining who is covered, the policy in West provided that "assured" "includes not only the named assured but also any person while using the automobile * * * provided that the declared and actual use of the automobile is `pleasure and business' or `commercial,' * * * and provided further that the actual use is with the permission of the named assured." Id. at 193. Similarly, State Farm's policy states that a person is an insured if he or she is using the car within the scope and consent of the named insured or the named insured's spouse.
{¶ 31} In any event, State Farm contends that a permissive user of an automobile cannot delegate authority to use the vehicle to another person when the named insured has not given such authority. However, State Farm argues in the alternative that even if David Nicholas had been able to permit another person to use the vehicle without the Stahlmans' consent, the second permittee's use of the car had to further the purpose of the original grant of authority, which in this case it did not.
{¶ 32} After considering both West and the policy in question here, we conclude that in rejecting Eric Nicholas' claim, State Farm has mistakenly relied upon the language contained in the third paragraph of the annotation quoted in West, which provided that "[t]he original permittee who has been given permission to sue [sic] the car can not, according to the great weight of authority, delegate this authority to the second permittee so as to bring the use of the car by that person within the protection of the policy where the initial permission is silent as to the question of delegation of authority." West at 193. Specifically, State Farm claims that the Supreme Court of Ohio in West not only adopted this annotation language, but also held the following; that the named insured must either personally give the second permittee permission to drive a covered vehicle, or the named must grant the first permittee the authority to allow others to drive the covered vehicle before coverage will be extended under an omnibus clause. This claim simply is not true.
{¶ 33} The holding in West shows that the Supreme Court considered the annotation and then proceeded to combine portions of the third and fourth paragraphs in reaching its decision. Accordingly, under West, the initial permission given by the named insured to the first permittee includes the use of the automobile by a second permittee if the first permittee, directly or indirectly, permits the second permittee to drive the vehicle and the use serves some benefit or advantage to the first permittee. West at syllabus.
{¶ 34} That being said, there is no question that Rachael Stahlman was the primary insured under the policy in question and that Jesse Stahlman, as Rachael's spouse, was also a named insured. In addition, it is undisputed that the first permittee, David Nicholas, had consent to use the vehicle, and that there never was a discussion between David Nicholas and the Stahlmans with respect to the use of the car by other permittees, such as a family member. See Dickens v. Ogdin (Aug. 16, 1995), 4th Dist. No. 94 CA 17, 1995 WL 495960, at 5. Thus, what this court must next determine is whether Eric Nicholas' use of the car to drive to school mutually benefited himself and David Nicholas.
{¶ 35} Nationwide maintains that because Eric Nicholas was driving the car to school, there was a mutual benefit to both as David Nicholas had an obligation to make sure his children were at school, and Eric Nicholas needed to use the LeSabre because his vehicle would not start on the morning of the accident. For the following reasons, we agree.
{¶ 36} Mutual benefit is a broad concept and does not require the existence of a legal duty. See, e.g. Drake v. State Farm Ins. Co. (Oct. 15, 1998), 8th Dist. No. 73502, 1998 Ohio App. LEXIS 4868 (finding a mutual benefit where the intoxicated first permittee gave permission to a second permittee to drive the first permittee home). Instead, it is sufficient that David Nicholas found it convenient to permit his son to drive the LeSabre to school. Thus, the fact that Eric Nicholas may have been attending summer school as opposed to a regularly scheduled session is immaterial to our analysis.
{¶ 37} It is clear from the undisputed facts that when David Nicholas allowed his son to use the LeSabre to drive to school, it benefited both men. As a result, in accordance with West, supra, and the omnibus clause contained in the State Farm policy issued to the Stahlmans, Eric Nicholas was an "insured" and entitled to coverage. Accordingly, the trial court erred in granting the motion for summary judgment filed by State Farm and Jesse Stahlman and in denying Nationwide's similar motion.
{¶ 38} Nationwide's sole assignment of error has merit. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., concurs, ROBERT A. NADER, J., dissents with Dissenting Opinion.