OPINION
{¶ 1} Star Rent-A-Car Inc. appeals from the trial court's grant of summary judgment to Allstate Insurance Company.
 {¶ 2} The facts underlying this appeal are not in dispute. On December 12, 1997, Christian Campbell rented a car from Star. At the time Campbell was insured by Allstate and the policy covered him while driving a "non-owned" automobile. On the same day as Campbell rented the car, he permitted Kevin Maxey, Jr. to drive the rented car and Maxey negligently drove the vehicle into a parked car causing extensive damage to the vehicle. Campbell was a passenger at the time of the collision.
 {¶ 3} Star then brought an action in the Dayton Municipal Court against Maxey, Campbell, and Allstate contending they owed Star approximately $9200 for the damage Maxey caused to the vehicle. Allstate filed an answer denying liability to.
 {¶ 4} Star but it also cross-claimed for contribution or indemnification from Maxey. The cross-claim was brought on Campbell's behalf as well.
 {¶ 5} Star then amended its complaint alleging that Campbell had negligently entrusted the rental car to Maxey. Campbell then filed his answer denying liability for the car's damage. Campbell then brought a counter-claim against Star and a cross-claim against Allstate Insurance for indemnification from Star's claim against him.
 {¶ 6} Allstate then moved for summary judgment. In its motion, Allstate asserted that it was not required to insure Campbell for Star's loss because it provided only coverage under Campbell's policy for an insured automobile, which was defined to include a "non-owned automobile," but only when operated with the owner's permission and only when operated by the insured (Campbell) or a resident relative of the insured. Allstate asserted that Star had not permitted Maxey to drive the car rented to Campbell because the rental agreement expressly precluded the operation of the rented vehicle by anyone other than the renter, unless the individual was over 21 years of age and a member of the renter's household. Maxey fulfilled neither of these categories, Allstate asserted.
 {¶ 7} In granting summary judgment to Allstate upon Star's claim and Campbell's cross-claim the trial court stated the following:
 {¶ 8} "The Court finds from the pleadings and admissions that the rental agreement prohibited operation of the vehicle by any person under the age of 21, or by anyone other than the renter (Campbell) unless that driver was a member of Campbell's family or household. The Court further finds that Maxey was neither 21 nor a member of Campbell's family or household.
 {¶ 9} "The insurance policy between Allstate and Campbell contains language defining `insured auto' and `non-owned auto.' Under the definition of insurance [sic] auto, coverage is included for a non-owned auto. However, non-owned auto is defined in the policy as `an auto used by you or a resident relativewith the owner's permission but which is not (a) owned by you or a relative, or (b) available or furnished for the regular use of you or a resident relative. As indicated earlier, the Court found that Maxey was not a resident relative of Campbell. The above-mentioned language in the insurance contract is clear and unambiguous and should be enforced. In this Court's view, the language is not subject to any other interpretation, and should be construed against the insured, Campbell, and in favor of Allstate. Therefore, the Court finds that Maxey was not an insured person under the plain meaning of Campbell's insurance policy. Further, the Court finds that at the time of the accident, Campbell was excluded from coverage under his insurance policy with Allstate, and that Allstate has no duty or obligation to defend or indemnify Campbell from the claim of Star in this case." (Emphasis ours).
 {¶ 10} The trial court then granted Star a judgment against Maxey and Campbell in the amount of $9100.
 {¶ 11} Star argues that it is a third party beneficiary of the Allstate policy issued to Campbell who rented the vehicle from it.
 {¶ 12} Star argues in his first assignment that the trial court erred in denying Campbell coverage under the Allstate policy because Campbell was "using" the rented automobile as a passenger in the vehicle at the time of the accident. Allstate on the other hand argues that Campbell was "using" the rented automobile with the permission of the owner, Star, only if he complied with the terms of the rental agreement, namely, that he not permit a driver under the age of 21 to drive the vehicle or anyone outside Campbell's household to drive the rented vehicle. We find Allstate's argument to be persuasive.
 {¶ 13} In his second assignment Star argues the trial court erred in not requiring Allstate to appoint independent counsel to defend Campbell. The record reflects that Allstate retained Paul Roderer, Jr. to represent Campbell in the suit by Star against Campbell. When Allstate moved for summary judgment on Campbell's cross-claim the trial court advised Campbell on March 28, 2002 to seek other counsel to represent him. On May 2, 2002, the trial court granted Allstate's motion for summary judgment and noted that Campbell could not be found.
 {¶ 14} This assignment must be overruled. The trial court acted properly when it determined that Paul Roderer, Jr. should not continue to represent Campbell because he was retained by Allstate and his offices had represented Allstate as regular defense counsel for many years. (See Allstate's reply to Star's motion for appointed counsel). Indeed Mr. Roderer raised the issue of conflict himself. It appears the court did everything it could to contact Campbell and to inform him of his responsibility to retain independent counsel. The proper remedy was for Campbell to seek counsel of his own choosing and then to seek an order that Allstate be required to pay for his representation.
 {¶ 15} We need not address Allstate's argument that the trial court should have dismissed Star's action against it under the authority of Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193 in light of our resolution of the first assignment. The judgment of the trial court is Affirmed.
Grady, J., and Young, J., concur.