DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal from the Lucas County Court of Common Pleas which granted summary judgment to appellee, Progressive Preferred Insurance Company ("Progressive"), and denied appellant, Jonathan Young's, motion for summary judgment. For the reasons that follow, we reverse the judgment of the trial court.
{¶ 2} In the early morning hours of April 21, 2001, Aaron Metcalf was driving a 1993 Honda Civic on Tremainsville Road in Toledo, Ohio, when he lost control of the vehicle and crashed into a telephone pole. Metcalf shattered his left hip and broke several bones including his pelvis and his jaw. His passenger, Jonathan Young, sustained only minor injuries. The vehicle was owned by Metcalf's aunt, Laura Brooks. At the time of the accident, Metcalf was operating the vehicle with his aunt's express permission.
{¶ 3} On October 22, 2001, Metcalf filed suit against Young alleging that Young's negligence was a direct cause of the accident which injured Metcalf. Specifically, Metcalf alleged that he lost control of the vehicle because Young negligently and recklessly pulled up on the car's emergency brake while Metcalf was driving.
{¶ 4} On February 12, 2002, Young's motor vehicle liability carrier, Progressive, filed a motion to intervene as plaintiff pursuant to Civ.R. 24(A). Progressive sought a determination of the rights and obligations of Young as to Progressive through a declaratory judgment action. The trial court granted Progressive's motion on March 5, 2002. On March 18, 2002, Progressive filed a declaratory judgment action arguing that at the time of the April 2001 accident, Young was not an "insured person" as that term is used in his liability policy issued by Progressive. Both Young and Progressive filed motions for summary judgment. The trial court granted summary judgment to Progressive and denied Young's motion for summary judgment. Young now appeals setting forth the following assignment of error:
{¶ 5} "The trial court erred in granting appellee's/intervening plaintiff's motion for summary and in denying appellant's/defendant's motion for summary judgment."
{¶ 6} Metcalf has also filed a brief with this court asserting the following assignment of error:
{¶ 7} "The trial court erred in granting summary judgment to appellee where Jonathan Young, a passenger in a 1993 Honda Civic on April 21, 2001, was `using' said vehicle with the implied permission of its owner who did not instruct the driver that he could not have passengers."
{¶ 8} Both assignments of error will be addressed together. Appellants contend that the court erred in concluding that Young did not meet the definition of an insured under the Progressive policy.
{¶ 9} Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 10} The relevant portion of the Progressive policy at issue reads as follows:
{¶ 11} "GENERAL DEFINITIONS
{¶ 12} "* * *
{¶ 13} "`You' and `Your' mean a person shown as a named insured on the Declarations Page * * *
{¶ 14} "PART I — LIABILITY TO OTHERS
{¶ 15} "INSURING AGREEMENT — BODILY INJURY
{¶ 16} "Subject to the Limits of Liability, if you pay a premium for bodily injury liability coverage, we will pay damages, other than punitive or exemplary damages, for bodily injury for which an insured person becomes legally responsible because of an accident arising out of the ownership, maintenance, or use of a vehicle.
{¶ 17} "INSURING AGREEMENT — PROPERTY DAMAGE
{¶ 18} "Subject to the Limits of Liability, if you pay a premium for property damage liability coverage, we will pay damages, other than punitive or exemplary damages, for property damages which an insured person becomes legally responsible because of an accident arising out of the ownership, maintenance, or use of a vehicle.
{¶ 19} "We will settle or defend, at our option, any claim for damages covered by this Part I.
{¶ 20} "* * *
{¶ 21} "When used in this Part 1, `insured person' or "insured persons' means:
{¶ 22} "* * *
{¶ 23} "4. you with respect to an accident arising out of the maintenance or use of any vehicle with the express or implied permission of the owner of the vehicle; * * *"
{¶ 24} As a contract, an insurance policy must be construed in its entirety in order to ascertain the intent of the parties.Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84, 89, overruled on other grounds, Savoie v. Grange Mut. Ins. Co.
(1993), 67 Ohio St.3d 500. Words in an insurance contract must be given their plain and ordinary meaning, and only where the words of a contract of insurance are ambiguous and therefore susceptible to more than one meaning, must the policy be construed in favor of the party seeking coverage. Blohm v.Cincinnati Ins. Co. (1988), 39 Ohio St.3d 63, 66.
{¶ 25} The above quoted clause in the Progressive policy sets forth what is commonly known as an "omnibus clause." An omnibus clause extends liability coverage to persons, other than the named insured, who had permission of the insured to use the covered vehicle. Couch on Insurance 2d (Rev.Ed. 1981) 619, Section 45:293. The purpose of an omnibus clause is not to limit the insurer's liability but, rather, to protect one entrusted with a motor vehicle and the public in general. Arkenberg v.Farm Mutual Automobile Ins. (Mar. 25, 1983), 6th Dist. No. L-82-294. Thus, an omnibus clause should be liberally applied and construed. Id.
{¶ 26} The trial court in this case concluded that based on the Progressive policy language, Young was not an "insured" at the time of the accident. We disagree.
{¶ 27} It is undisputed that Young is the named insured on the Progressive policy's declaration page. At issue is whether or not at the time of the accident, Young was "using" Laura Brook's vehicle with her "express or implied permission." The terms "use" or "using" are not specifically defined in the policy.
{¶ 28} Absent limiting language to the contrary, a passenger in a vehicle is "using" the vehicle for purposes of liability coverage. Brown v. Kennedy, (1943), 141 Ohio St. 457, 464, accord, MacLellan v. Motorists Ins. Co. (June 21, 1990), 8th Dist. No. 57169. In Brown, a motorist was injured when his vehicle collided with a vehicle owned by W.E. Kennedy. Bennett White was driving the Kennedy vehicle at the time of the accident. Dorothy Kennedy, daughter of W.E. Kennedy, was a passenger in her father's vehicle. Dorothy Kennedy had been given express permission to use her father's vehicle. Under terms of W.E. Kennedy's liability policy, any person "using" the automobile with the permission of the named insured becomes an insured whom the insurance company is bound to defend. Kennedy's insurer argued that they where not bound to defend Dorothy Kennedy against Brown's personal injury action because she was not driving the covered vehicle at the time of the accident. The insurer essentially argued that the word "using" in the policy had the limited meaning of "driving" or "operating." The Supreme Court of Ohio disagreed with this interpretation of the policy noting that the insurer could have easily chosen to limit its liability to one who operates or drives the vehicle but did not. Instead, the insurer selected a wider term and agreed to insure anyone who used the car with permission.
{¶ 29} This court reviewed similar policy language in StateAuto Mutual Ins. Co. v. West American Ins. Co. (Mar. 11, 1994), 6th Dist. No. L-93-173. In State Auto, a friend, with the permission of the homeowner, was repairing the homeowner's vehicle while the vehicle was parked in the homeowner's attached garage. When the friend removed the vehicle's fuel pump, a gasoline spill occurred and was ignited by a kerosene heater. The resulting fire caused extensive damage to the homeowner's residence. The homeowner's automobile liability carrier argued that the homeowner's friend was not an insured under the liability policy because he was not "using" the vehicle when he caused the fire. This court held that such a narrow interpretation of the term "using" defeats the liberalizing purpose of an omnibus clause. In concluding that the homeowner's friend was an insured under the terms of the homeowner's policy, this court stated:
{¶ 30} "We find that the term `using' in the omnibus clause of the State Farm Auto Policy is clear and unambiguous. That term includes any acts which would be covered under the policy if performed by [the homeowner] herself. There is no dispute that [the friend] was repairing/maintaining [the homeowner's] covered automobile with her permission and that the accident causing the damage occurred at this time. Therefore, [the friend] was "using" [the homeowner's] automobile within the meaning of the State Auto liability insurance policy."
{¶ 31} Determining that the term "use" in the Progressive policy is to be liberally construed, however, will not alone lead us to the conclusion that Young is an insured under the policy. We must now review the facts to decide whether or not Young was "using" Laura Brooks' vehicle with her express or implied permission.
{¶ 32} "[T]he initial permission granted by the named insured to the first permittee may extend to a second permittee so as to bring use by the second permittee within the protection of the policy if use by the second permittee serves some purpose, benefit or advantage to the first permittee, e.g., if the first permittee is a passenger in the vehicle * * *." West v.McNamara (1953), 159 Ohio St. 187, citing Annotation, Omnibus Clause of Automobile Liability Policy As Covering Accidents Caused By Third Person Who Is Using Car With Consent of Permittee of Named Insured, 160 A.L.R. 1195, 1206. The original permittee, however, who has been given permission to use the automobile but has been expressly forbidden to delegate this authority cannot do so, and the use of the car by the second permittee in violation of the named insured's express order is not within the protection of the policy. Id.
{¶ 33} In the present case, it is an undisputed fact that when the accident occurred Metcalf had the express permission of his aunt to use the vehicle. There is nothing in the record before us to suggest that Metcalf's aunt restricted her permission. Specifically, there is no evidence that Metcalf's aunt forbade him from carrying passengers while using her car.
{¶ 34} Appellee argues that appellant Young's "use" should be defined as his grabbing the emergency brake. While appellant Young denies this occurred, appellant Metcalf, who asserts it did occur and was the cause of the accident, labels this definition as "nonsensical." We find this argument of appellant unpersuasive, disingenuous and totally without merit.
{¶ 35} Based on the foregoing, we conclude that Young was an insured under the liability policy issued by Progressive when he was a passenger in the vehicle driven by Metcalf on April 21, 2001. Accordingly, appellants' assignments of error are found welltaken.
{¶ 36} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further consideration in conformity with this decision and judgment entry. Costs are assessed to appellee pursuant to App.R. 24.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.