GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,

v.

HUGHES et al., Appellees.

[Cite as *Govt. Emps. Ins. Co. v. Hughes,* 184 Ohio App.3d 397, 2009-Ohio-5023.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–1120.

Decided Sept. 24, 2009.

Pyper Alexander & Nordstrom, L.L.C., and P. Christian Nordstrom, for appellant.

Volkema Thomas, L.P.A., and Michael S. Miller; and Otto Beatty Jr. and Associates and Otto Beatty Jr., for appellee Lynda D. Hughes.

SADLER, Judge.

{¶ 1} Plaintiff-appellant, Government Employees Insurance Company, appeals from the judgment of the Franklin County Court of Common Pleas in which that court denied appellant's motion for summary judgment and granted the motion for summary judgment of defendant-appellee, Lynda D. Hughes ("appellee"). Appellant advances a single assignment of error for our determination, as follows:

The trial court erred in denying [appellant's] motion for summary judgment and granting the cross motion for summary judgment of [appellee].

{¶ 2} Summary judgment is proper only when the party moving for summary judgment demonstrates the following: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. An appellate court's review of summary judgment is de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265.

{¶ 3} The following facts and procedural history are taken from the record. Louisa Hughes is appellee's sister and Barbara Hughes is appellee's mother. On Saturday, March 26, 2005, Barbara rented a Chevrolet Malibu from Enterprise Rent–A–Car ("Enterprise") because her 1999 Ford Expedition was being repaired. Barbara intended to return the Malibu on Monday. Barbara allowed Louisa to drive the Malibu that night, even though the rental contract specified that no one other than Barbara was permitted to drive it. In the early morning hours of Sunday, March 27, 2005, while Louisa was driving the Malibu and appellee was a passenger, Louisa lost control of the vehicle, whereupon it struck a tree and a sign and overturned, injuring appellee.

{¶ 4} On March 26, 2007, appellee filed a negligence action against Louisa for personal injuries that appellee sustained in the accident. Appellant was Barbara's automobile insurance carrier at the time of the accident. As such, appellant defended Louisa under a reservation of rights. Appellant then filed the within action against appellee and Louisa, in which it sought a declaration that its insurance contract ("policy") with Barbara provided no coverage to Louisa for any of appellee's claims, and provided no uninsured-motorist coverage for appellee.

{¶ 5} The parties' cross-motions for summary judgment concerned three issues: (1) whether Louisa was an insured under the policy such that appellant owed a duty to defend or indemnify Louisa with respect to appellee's negligence

claims, (2) whether an exclusion in the policy abrogated any duty on appellant's part to defend or indemnify Louisa with respect to appellee's negligence claims, and (3) whether appellee was an insured under the uninsured-motorist ("UM") coverage contained in the policy.[1]

{¶ 6} The policy declarations name Barbara and Wayne McDearmon as named insureds and list seven vehicles, including the 1999 Ford Expedition, as insured vehicles. Section I of the policy, which concerns liability coverages, states, "[W]e will pay damages which an insured becomes legally obligated to pay because of * * * bodily injury, sustained by a person." "Insured" is defined, for Section I, as "a person or organization described under PERSONS INSURED." In turn, "PERSONS INSURED" provides:

Who Is Covered

Section I applies to the following as insureds with regard to an owned auto:

1. you and your relatives;

2. any other person using the auto with your permission;

3. any other person or organization for his or its liability because of acts or omissions of an insured under 1 or 2 above.

Section I applies to the following with regard to a non-owned auto:

1. (a) you;

(b) your relatives when using a private passenger, farm or utility auto or trailer.

Such use by you or your relatives must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.

" 'Relative' means a person related to you who resides in your household." " 'You' means the policyholder named in the declarations and his or her spouse if a resident of the same household."

{¶ 7} For purposes of Section I, " 'Non-owned auto' means an automobile or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto." " 'Owned auto' means: (a) a vehicle described in this policy for which a premium charge is shown for these coverages; * * * (d) a temporary substitute auto." A " 'temporary substitute auto' means an automobile or trailer, not owned by you, temporarily used with the permission

---

1. Also at issue was appellee's claim that appellant had waived its right to challenge Louisa's status as an insured—and to deny coverage on that basis—because it had failed to properly preserve the issue in its reservation of rights. The trial court concluded that it had waived this right, and one of appellant's arguments on appeal is that the trial court erred in this regard. We need not address this issue, however, because the trial court went on to fully consider appellant's substantive arguments.

of the owner. This vehicle must be used as a substitute for the owned auto or trailer when withdrawn from normal use because of its * * * repair." In addition, "EXCLUSIONS" in Section I provides, inter alia, "1. Bodily injury to any insured or any family member of an insured residing in his household is not covered."

{¶ 8} It is undisputed that under Section I, appellee is entitled to liability coverage for her bodily injury caused by Louisa's negligence if (1) Louisa is an insured and (2) appellee is not an insured or a family member of an insured residing in the insured's household. Thus, we must determine whether there exists any genuine issue of fact as to whether Louisa is an insured under the policy and as to whether appellee is an insured.[2]

{¶ 9} The Supreme Court of Ohio long ago established that "[a] policy of insurance is a contract and like any other contract is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." *Dealers Dairy Prods. Co. v. Royal Ins. Co.* (1960), 170 Ohio St. 336, 10 O.O.2d 424, 164 N.E.2d 745, paragraph one of the syllabus. Thus, "our task when interpreting an insurance policy is to 'examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy.' [*Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.] Moreover, '[w]e look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy.' [Id.]" *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 2009-Ohio-3718, 913 N.E.2d 426, ¶ 17.

{¶ 10} The trial court concluded that Louisa was an insured under the policy. Specifically, it concluded that the Malibu was an "owned auto" because it was a "temporary substitute auto." It rejected appellant's argument that the Malibu was not a "temporary substitute auto" because Enterprise had not given its permission for Louisa to drive it. Instead, the court reasoned that when Barbara rented the Malibu, it met the definition of a "temporary substitute auto" because it was "temporarily used [by Barbara] with the permission of the owner [Enterprise] * * * as a substitute for the owned auto," and thus it was an "owned auto" for purposes of liability coverage. Because the undisputed evidence demonstrated that Barbara gave Louisa her permission to use the Malibu, the court concluded that Louisa is an insured under the policy. The court explained that it was rejecting appellant's argument that Louisa had to have Enterprise's permis-

---

2. We need not determine whether there are any genuine issues of fact pertaining to whether appellee is a family member of an insured residing in the insured's household because, for reasons discussed below, we conclude that appellant waived that argument.

sion to use the Malibu, because a "temporary substitute auto" is, by definition, legally owned by someone other than the named insured, and if the policy was intended to require the permission of both "you" (meaning the named insured) and the titled owner (here, Enterprise), the policy would have specifically required that. Absent express language to that effect, the court refused to recognize such a requirement.

{¶ 11} Appellant argues that, for purposes of the definition of "temporary substitute auto," the original permittee (Barbara) cannot grant permission to a second permittee (Louisa) where the original permittee is expressly forbidden by contract to delegate the authority to use the vehicle. Thus, it maintains, because Enterprise did not give its permission for Louisa to use the Malibu, that car is not a "temporary substitute auto."

{¶ 12} For support of this contention, appellant cites several cases in which, as here, a named insured under an automobile liability policy entered into a rental car contract that specifically forbade the insured to allow anyone else to drive the vehicle, the insured allowed a third party to drive the vehicle, and an accident occurred while the third party was driving. In those cases, the courts found that there was no coverage when the policy stated it would cover losses sustained while the driver was driving a vehicle not owned by the named insured only if the driver had "permission from the owner" to do so.

{¶ 13} Primarily, appellant cites the case of *Cincinnati Ins. Co. v. Kramer* (1993), 91 Ohio App.3d 528, 632 N.E.2d 1333, in which the First Appellate District held that "[w]hen an owner gives permission to use an automobile to an original permittee, who is expressly forbidden to delegate that authority, unless the owner's conduct implicitly revokes the prohibition, the original permittee cannot grant permission to a second permittee." Id. at 531, 632 N.E.2d 1333.

{¶ 14} Appellant also cites *Sec. Mut. Cas. Co. v. Hoff* (1978), 54 Ohio St.2d 426, 8 O.O.3d 431, 377 N.E.2d 509, and *Meridian Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.* (July 2, 1985), 10th Dist. No. 84AP–1008, 1985 WL 10057. These cases are distinguishable from the instant case. In both cases the vehicle involved was *owned by the named insured*, who had given a second person permission to drive it, and the second person allowed a third person to drive it. In both cases the policy language specifically provided that liability coverage would apply only if the *named insured* had given the driver permission to drive the vehicle. Because the facts showed that the named insureds had not given the drivers permission, summary judgment in favor of the insurance carriers was appropriate. The policies in *Security* and *Meridian* did not involve a non-owned auto, so they did not involve policy language like that at issue here, which defines a "non-owned auto" as, inter alia, one that is "temporarily used with the permission of the owner * * * as a substitute for the owned auto."

{¶ 15} Returning to appellant's primary citation of authority, in *Kramer* the policy owner sought coverage for damage he caused while driving a rental car that he had *not rented.* (His acquaintance had rented the vehicle and, contrary to the language of the rental contract, had allowed the policy owner to drive it.) The policy at issue stated, "Liability coverage applies to you while driving your covered auto and to you while driving any auto other than your covered auto, if you have permission from the owner." The case did not involve the definition of a "non-owned auto" or a "temporary substitute auto." It involved language that expressly conditioned coverage on whether, "while driving" any particular vehicle that he did not own, *the named insured* had the owner's *permission to drive* (not permission to temporarily use) the vehicle.

{¶ 16} Finally, appellant cites the cases of *Williams v. Allstate Ins. Co.,* 8th Dist. No. 83340, 2004-Ohio-2390, 2004 WL 1067166, and *Star Rent–A–Car, Inc. v. Campbell,* 2d Dist. No. 20083, 2004-Ohio-1318, 2004 WL 541140. In both cases the vehicle involved was, as in this case, a car that the policy owner had rented and then, contrary to the terms of the rental agreement, allowed another person to drive. In both cases, the courts of appeals determined there was no coverage. However, in *Williams,* where the court of appeals made clear that it was relying on the specific language of that policy, the policy did not contain reference to, or a definition of, a "temporary substitute auto," whereas in the instant case, the policy includes coverage for a "temporary substitute auto," which, by definition, is a vehicle owned by someone else but is treated under the policy as an "owned auto."

{¶ 17} We agree with the trial court that if appellant treats as "owned" by the policyholder a vehicle that is, in reality, not *titled* to the policyholder, then to require the permission of both the "owner" of the "owned" auto (the policyholder) and the titleholder of the vehicle (in this case, Enterprise) for a third party to drive it, the policy must so specify. Instead, the policy in this case simply provides coverage when a vehicle that is not titled to the policyholder is being "temporarily used with the permission of the owner * * * as a substitute for the owned auto." The only person that could be using the vehicle as a substitute for the owned auto would be the policyholder; thus, that same person is the one that must be using the vehicle "with the permission of the owner." It is undisputed that Barbara was using the Malibu "as a substitute for the owned auto" (her Ford Expedition) and was using the Malibu "with the permission of the owner" (Enterprise), and that Louisa was using the Malibu (which had become an "owned auto" under the policy) with "your" (Barbara's) permission. In light of these facts and the plain language of the policy, no more was required for Louisa to be an insured and for coverage to apply to appellee's losses under Section I of the policy.

{¶ 18} But appellant also argues that Exclusion 1 excludes appellee's losses from liability coverage because appellee is a "family member of an insured residing in his [or her] household." It points out that appellee gave differing statements regarding whether she was living with Louisa or Barbara, or with neither of them, at the time of the accident. Appellant urges that appellee's conflicting statements create a genuine issue of fact as to whether appellee was, at the time of the accident, "a family member of an insured residing in * * * [her] household." Appellee argues that appellant waived this argument in the trial court by failing to assert it. Appellant does not deny this, and we agree with appellee.

{¶ 19} But appellant also pursues an argument that it did preserve in its motion for summary judgment. Appellant contends that Exclusion 1, which states that Section 1 does not apply to "[b]odily injury to any insured," applies because appellee was an insured by virtue of the fact that she was "using" the vehicle by riding in it as a passenger. The policy does not define the word "using." "When a policy does not define a term, we must give the term its ordinary meaning." *Haimbaugh v. Grange Mut. Cas. Co.*, 10th Dist. No. 07AP–676, 2008-Ohio-4001, 2008 WL 3198723, ¶ 30.

{¶ 20} For support of its contention that "using" a vehicle includes riding in it as a passenger, appellant cites the case of *Metcalf v. Young*, 6th Dist. No. L–04–1289, 2005-Ohio-2748, 2005 WL 1314412, in which that court held, "Absent limiting language to the contrary, a passenger in a vehicle is 'using' the vehicle for purposes of liability coverage." Id. at ¶ 28, citing *Brown v. Kennedy* (1943), 141 Ohio St. 457, 464, 26 O.O. 6, 48 N.E.2d 857. In the present case, the trial court rejected the argument that appellee was "using" the Malibu by riding in it as a passenger. It declined to apply the holdings in *Metcalf* and *Brown* because, according to the trial court, those cases "had distinctive facts, which did not appear in the case at hand." On appeal, appellant asserts that the holdings in *Metcalf* and *Brown* were broadly stated and not confined to their facts, and should be applied here.

{¶ 21} In response, appellee points out that the passengers in *Brown* and *Metcalf* were determined to have "used" the vehicles in question for reasons not present in this case. In *Metcalf*, the driver lost control of the vehicle because the passenger pulled the car's emergency break. After the driver sued him, the passenger sought coverage under his own automobile liability policy. The court of appeals determined that he was an insured because when he pulled the emergency brake, he was "using" the vehicle. In the present case, appellee argues there is no allegation that appellee took any similar action, so *Metcalf* is inapposite.[3]

---

3. The *Metcalf* court concluded that the term "use" for purposes of determining whether the "accident [arose] out of the * * * use of any vehicle" includes "any acts which would be

{¶ 22} Appellee also points out that in *Brown,* the passenger was determined to have been "using" the vehicle not simply because she was a passenger at the time of the accident, but because of the purpose to which she and the driver were putting the vehicle at the time. The passenger's father (the policyholder) had given her permission to "use" the vehicle for travel between her college and her parents' home, and she allowed a friend to drive during one of these commutes when the accident occurred. The *Brown* court noted that had the driver been driving the car for his own personal mission and not one related to the original "use" that the named insured had permitted, then the passenger would not have been "using" the car for purposes of liability coverage, even if she were still riding in it. Appellee asserts that *Brown,* too, is limited to cases in which it is the passenger who has been given the authority to "use" the vehicle; whereas here, the undisputed evidence demonstrates that the only person Barbara allowed to use the vehicle was Louisa, and she specifically denies having given appellee permission to use it.

{¶ 23} We find appellee's arguments persuasive. The undisputed evidence shows that appellee did not have permission to use the Malibu (as in *Brown* ) and did not attempt to operate or control it (as in *Metcalf* ). Moreover, review of the policy as a whole reveals that in Section II, the medical payments section, coverage is extended to persons who "sustain[ ] bodily injury caused by accident while *occupying* the owned auto while being *used* by you, a resident of your household, or other persons with your permission." (Emphasis added.) It is clear from a plain reading of the policy that "occupying" and "using" are not used interchangeably and they mean different things. According to the policy, the word "occupying" means "in, upon, entering into or alighting from." Thus, "using" does *not* mean "in, upon, entering into or alighting from." Appellee was "in" the Malibu at the time of the accident, so she was "occupying" it, but under the plain language of the policy and the undisputed facts, she was not "using" it. Thus, she does not meet the definition of an "insured," and Exclusion 1 does not apply to deny her coverage for her losses.

{¶ 24} For all of the foregoing reasons, the trial court correctly granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. Both parties briefed the issue whether appellee was entitled to UM coverage under the policy, but we need not address that issue because our resolution of the balance of the issues renders that issue moot. Accordingly,

covered under the policy if performed by [the car's owner] herself." Id. at ¶ 30, quoting *State Auto Mut. Ins. Co. v. W. Am. Ins. Co.* (Mar. 11, 1994), 6th Dist. No. L–93–173, 1994 WL 80811. We agree with the *Metcalf* and *State Auto* courts on this point, based on the language at issue in those cases.

appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

FRENCH, P.J., and CONNOR, J., concur.